**People of the State of Illinois, Plaintiff-Appellee, v. Daniel Webster Carleton, Defendant-Appellant.**

**Gen. No. 11,136.**

Fourth District.

November 17, 1969.

Rehearing denied and opinion modified December 17, 1969.

Hagin Harper, of Champaign, for appellant.

John Morton Jones, State's Attorney of Vermilion County, of Danville (Larry P. Cramer, Special Assistant State's Attorney, of Urbana, of counsel), for appellee.

CRAVEN, J., delivered the opinion of the court.

The defendant entered a plea of guilty to the charge of illegal possession of marijuana in violation of chapter 38, section 22–3, Ill Rev Stats 1967. His petition for probation was denied after a hearing thereon. Upon stipulation that the probation hearing would stand as the hearing in aggravation and mitigation, the defendant was sentenced to the Illinois State Penitentiary for a term of not less than two nor more than four years. He appeals the denial of probation. Another charge, unlawful sale of marijuana, was dismissed on motion of the People.

█ Sections 117–1(a)(1)–(3) of the Code of Criminal Procedure (Ill Rev Stats 1967, c 38, §§ 117–1(a) (1)–(3)) provide that a person who has been found guilty of any offense except a capital offense, sale of narcotics or rape is eligible for probation when it appears that the applicant is not likely to commit another offense, that the public interest does not require incarceration, and that rehabilitation does not require incarceration. In People v. McAndrew, 96 Ill App2d 441, 239 NE2d 314 (2nd Dist 1968), we find an excellent discussion of the statutory and procedural framework with reference to probation and the scope of review in connection with its denial.

The Committee Comments relative to the authority to grant probation observed:

"The basic philosophy of probation is that young and unhardened criminals should not be exposed to the 'contaminating influence of association with

451

hardened or veteran criminals,' but should have an opportunity to rehabilitate themselves under the supervision of a probation official without institutional confinement. (Citing case.) . . . ." Ill Ann Stats c 38, § 117, Committee Comments p 3 (Smith-Hurd 1964).

The positive value of probation as a meaningful and rehabilitative disposition of young and unhardened criminals is widely accepted. In discussing this issue, Boldt, in an article, Recent Trends in Criminal Sentencing, Fed Prob, March 1963, p 3, at 5, observed:

"Every available study on the results of probation in actual practice indisputably shows it to be a highly successful form of sentence. The percentage of probation sentences has been steadily rising without such a rise in revocations as to indicate need for stopping, or even slowing, the trend toward wider use of probation. My personal experience in a large number of cases, carefully recorded, has dispelled every last doubt I ever had as to the wisdom and justice of not excluding the possibility of probation in the vast majority of cases. In my opinion, the granting of probation should be ruled out only when the judge is satisfied that security of the community and its individual citizens so requires. From the evidence it is apparent more and more judges throughout the nation are having the same results and are reaching substantially the same conclusion."

The record in this case indicates that the defendant was 20 years of age, was a student at the University of Illinois, and the offense happened during his sophomore year. While at the University he became acquainted with some people who were using marijuana and from that association the defendant likewise used marijuana. This

452

use and the association with other users culminated in the instant offense. Other than this offense the defendant has had only one contact with police authorities. That was in the year 1963, when, at the age of 14 years, there was an incident involving the throwing of apples at cars. That matter was disposed of by "station adjustment." The defendant is from a stable home environment. He is described as having been "reared in a better than average community by well educated and reputable parents." At the University the defendant appears to have been active in a group or "Committee" organized to advocate the end of the war in Vietnam, and there is further indication of some contact with a narcotics user in California.

■ The defendant asserts here some suggestion of a form of entrapment—or, at least, that the defense of entrapment may have been available to him because of the fact that the current charge grew out of use by the State Bureau of Narcotics of undercover agents and informers paid by that Bureau. We agree with the People that to the extent that the defendant seeks to assert entrapment for the first time in this court, it cannot be done. See People v. Ramos, 112 Ill App2d 330, 250 NE2d 822 (2nd Dist 1969), and cases there cited.

At the time of this offense and the sentence here imposed, violation of the statute to which the defendant entered a plea of guilty, regardless of the quantity of marijuana involved, was subject to a possible minimum sentence of two years in the penitentiary, although probation was an available disposition. House Bill 29 of the Seventy-sixth General Assembly, Regular Session, made a change in this section of the statute (§ 22–3 of c 38, Ill Rev Stats 1967) and provided that possession of marijuana, in certain quantities or less, would be punishable as a misdemeanor. This bill was approved by

453

the Governor on July 18, 1969 (Public Act 76–464, Illinois Legislative Service 1969, No. 4).

■ Section 4 of chapter 131, Ill Rev Stats 1967, provides, in substance, that a defendant may benefit by a statute that mitigates a penalty in the event of sentencing after the effective date of the statute notwithstanding the date of the offense. After sentencing, however, the option provided by the foregoing section is no longer available. See People v. Hansen, 28 Ill2d 322, 192 NE2d 359, cert den 376 US 910, 11 L Ed2d 608, 84 S Ct 665 (1964).

The foregoing observations are relevant to our review of the denial of probation in this case in that the Legislature has determined to mitigate penalties in certain instances with reference to marijuana. While the trial court, in granting or denying probation, is clothed with considerable discretion, it may well be that this policy determination by the Legislature in the area with which this case is concerned may have considerable bearing upon the granting or denial of probation at the trial level, even though this case is not necessarily within the area of the specific change in the statute. The indictment in this case does not allege the quantity of marijuana in the defendant's possession but merely alleges that defendant "knowingly and unlawfully possessed a quantity of a certain narcotic drug, to wit: Cannabis Sativa L., commonly known as Marihuana [sic], in violation of Chapter 38, Section 22–3, Illinois Revised Statutes, . . . ." (Emphasis in original.)

■ We deem it appropriate, therefore, as in McAndrew, to affirm the conviction, vacate the sentence, reverse the denial of the application for probation, and remand the cause to the trial court to reconsider the application for probation in this case. Although in McAndrew, the reason for the disposition was an abuse of dis-

cretion (which is not found in this record), the reconsideration of probation in this case is appropriate.

Affirmed in part; reversed in part and remanded with directions.

TRAPP, P. J. and CREBS, J., concur.