812

THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* NORMAN LYNN SIMPSON, Defendant-Appellant.

(No. 11385; )

Fourth District—June 24 1971.

Morton Zwick, Director of Defender Project, of Chicago, for appellant.

Lawrence E. Johnson, State's Attorney, of Urbana, (Kenneth E. Baughman, Assistant State's Attorney, of counsel,) for the People.

Mr. PRESIDING JUSTICE SMITH delivered the opinion of the court:

This is an appeal from a sentence of one to four years in the peniten-

tiary after a plea of guilty to burglary and after a denial of probation. The entire thrust of the defendant's argument is that the sentence to the penitentiary is excessive and that the court abused its discretion in denying probation. It isn't, it didn't, and we affirm.

■■ The question of granting or revoking probation is normally within the sound discretion of the trial court and on review will not be disturbed unless it appears from the record that the trial court has abused that discretion. (*People v. Sims*, 32 Ill.2d 591, 208 N.E.2d 569; *People v. McAndrew*, 96 Ill.App.2d 441, 239 N.E.2d 314; *People v. Carleton*, 116 Ill.App.2d 450, 252 N.E.2d 702.) In the exercise of that discretion, it is the purpose of the trial court in all sentencing and this court on review to find an effective and proper means of individual rehabilitation within or without an institution. It is generally accepted that probationary surveillance is in itself an authorized mode of mild and ambulatory punishment when properly utilized and operates as a reforming discipline. "It is intended to be a means to restore offenders who are good probationary risks to society and to afford the unfortunate another opportunity by clemency." (*People v. Smice*, 79 Ill.App.2d 348, 353, 223 N.E.2d 548, 550.) The defense recognizes that the determination of the conditions required for probation are obviously matters of judgment, and candor on their part required acknowledgment by them that the defendant's background is not spotless in several aspects.

We deal here with a twenty-one-year-old man with one year of study at the university and presently engaged in a shoe shop in Decatur in connection with the Division of Vocational Rehabilitation. He has an IQ of 125 and was described by one witness as a "genius". He had been previously admitted to probation in February, 1968, for an assault and served ten days in jail. He testified that he didn't report to the probation officer as required, that he got involved in classes and reporting to the probation officer just slipped his mind. He spent another nine days in jail for a battery committed after the burglary for which he is here sentenced. At the time of the burglary, the defendant was living in a convent and at 1 o'clock in the morning, he and two other boys, one 16 and one 17, broke into a warehouse and were there caught by the police. The reason—he was hungry. He testified that he thinks he has a child on the way, that jail has an effect on his conduct and he doesn't want to go back there and he doesn't think he would be getting into any more trouble. His counsel then describes him as a "new Mr. Simpson". In contrast, the probation officer's report stated: "Unfortunately this office finds nothing in Defendant's attitude and behavior to indicate a second probation would afford anything more constructive toward rehabilitation than was the first which terminated in revocation. Past history indicates

814

the efforts of many people and organizations toward helping the Defendant, with apparently no results as the present violation is much the most serious of any committed. With regret, we conclude that a second probation would probably not change the attitude of the Defendant and do little to serve the interests of society".

■■ In this record, there are none of the circumstances or situations which have prompted reviewing courts to reduce a sentence or interfere with the judgment of the trial court. The cases are legion which have defined and repeatedly stated those rules. In this instance, the record clearly indicates an effort on the part of society to rehabilitate this young man outside an institution. His short tour of duty in the institution has done nothing to persuade him from his tactics and his actions. Previous probation was ineffective. Under such circumstances, we are not persuaded that the trial court abused its discretion or that the sentence to the penitentiary for the minimum allowed by law warrants our interference. The record discloses a careful consideration by the experienced trial judge and is far removed from facts or circumstances that suggest an abuse of discretion.

Accordingly, the judgment of the trial court is affirmed.

Judgment affirmed.

CRAVEN and TRAPP, JJ., concur.