THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* JOHN E. POWELL, Defendant-Appellant.

(No. 11588;

Fourth District—January 31, 1973.

John F. McNichols, of Defender Project, of Springfield, (J. Daniel Stewart and Marshall J. Pidgeon, of counsel,) for appellant.

Richard A. Hollis, State's Attorney, of Springfield, (D. Bradley Blodgett, Assistant State's Attorney, of counsel,) for the People.

Mr. JUSTICE SMITH delivered the opinion of the court:

In a bench trial in the Sangamon County circuit court the defendant was found guilty of taking indecent liberties with a child and sentenced to four to fourteen years. The defendant raises seven alleged points of error which may be distilled into two: (1) was the defendant proved guilty beyond a reasonable doubt; and (2) did the trial court abuse its discretion in denying the defendant probation? We answer the first question " yes" and the second question "no".

The prosecuting witness was a young girl, nine-years old at the time of the offense and eleven-years old at the time of the trial. She lived with her parents near the defendant and his family, and on November 11, 1969, she went to the defendant's home to place an order for her mother for Avon products with the defendant's wife, who sold such products. Defendant's wife and daughter left, leaving the prosecuting witness alone with the defendant. He wanted her to stay and subsequently took her into the bedroom, pulled down her pants and underpants, touched her in her private parts between her legs with his hands, and took a picture of her private parts with a Polaroid camera. The prosecuting witness identified this picture as Exhibit No. 1 and stated that it correctly showed the prosecuting witness' position and the defendant's position on the bed. It likewise showed contact between their genitals. Sometime during the previous summer, she was with the defendant and his son in his truck in a pasture. Defendant's son was ordered away and People's Exhibits No. 2, 3, and 4 were pictures of the prosecuting witness' genitals taken in the truck. She likewise testified that at sometime during that same summer defendant was alone with her at his home and put his hands down her pants.

■■ The pictures above described were positively identified by the prosecuting witness and were discovered by defendant's thirteen-year-old son in the glove compartment of the defendant's truck some five months

later. He gave them to Karen Kenal, a girl friend of his, and Karen in turn gave them to the defendant's wife a few days after the wife had the defendant arrested for assault and battery. She in turn turned the pictures over to the State's Attorney. The defendant's wife testified that the prosecuting witness had placed an Avon order and that the defendant owned a Polaroid camera during the period of time in question. At the time of her testimony, she and the defendant were divorced.

■■ The defendant further contends that the evidence of any touching by the defendant of the prosecuting witness' body was brought out by questioning by the court. Exhibit No. 1 itself shows a touching. At the conclusion of the prosecuting witness' testimony, the court stated in substance: "Did he at any time touch you?" Answer: "Yes". The Court: "Where at?" Answer: "In the privates". The Court: "Now when you say privates, are you referring to what is known as the vagina?" Answer: "No". The Court: "Where abouts exactly did he touch you? When you say privates, what do you mean?" Answer: "My private parts". The Court: "Is that the part between your legs?" Answer: "Yes". The Court: "What did he touch you with?" Answer: "His hands". The Court: "Anything else?" Answer: "I don't know". It should be here noted that this testimony as far as it goes at this point is at odds with the physical evidence shown in Exhibit No. 1 and likewise contrary to the statement that the defendant was fully clothed.

■■ The defendant moved that a psychiatric examination of the prosecuting witness be conducted to determine whether or not she had a "proclivity to fabricate or imagine nonexistent events". The defendant concedes that there are no cases in Illinois requiring such an examination, but there are other jurisdictions which have recognized the desirability of these psychiatric examinations in sex offense cases. There is nothing in this record that would justify such an examination and there is no authority in Illinois for such a course. The girl testified that she was in the sixth grade, testified as to the courses she was taking, stated that she was receiving B and C grades, testified as to her out-of-school activities, and in addition the trial court had the opportunity to see and observe her on the witness stand. There is nothing in this record as a matter of fact or as a matter of law which suggests the necessity for a psychiatric examination. This concept has been discussed and repudiated in this State. *People v. Nash*, 36 Ill.2d 275, 222 N.E.2d 473; *People v. Gersbacher*, 44 Ill.2d 321, 255 N.E.2d 429, *cert.* denied 400 U.S. 825.

■■ The defendant likewise contends that the defendant should have been admitted to probation. Probation calls for a matter of judgment and discretion on the part of the trial court and will not be disturbed in the absence of an abuse. (*People v. Simpson*, 133 Ill.App.2d 812, 271 N.E.2d

110.) The court stated: "Now I'm aware that the denial of probation will necessarily require the imposition of the minimum sentence that's required by the statute, which fixes the minimum of four years and not more than 20 years". His choice was between probation and a minimum sentence of four years. The court further stated: "Now, if I had total latitude, I would not impose a sentence of four years * * * but it's—it's that or probation. And in view of the facts of this case, the age of the defendant, the age of the girl, the type of situation of the factual background with the pictures and all, I just don't believe that this is a fit case for probation. Consequently, the motion for probation will be denied".

■■ This court is likewise confronted with the same choice which the trial court had, that is, imposing a minimum sentence of four years or granting probation. Having determined that the defendant was properly found guilty and having reviewed the report of the probation officer which was available to the trial court, we necessarily conclude that there was no abuse of discretion in the judgment exercised by the trial judge. Given a choice between a minimum sentence which was not reduced when the new Code of Criminal Corrections was adopted suggests that the public policy of this State regards a crime of this nature in a more abhorrent category.

■■ Accordingly, we do not regard it as within our power to reduce this sentence below that specified by the legislature as a minimum. The record in this case shows a petition filed to declare the defendant a sexually dangerous person prior to the trial of this case and the report of the psychiatrist as a result of his examination of the defendant stated that if found guilty, it was his opinion that the defendant was a sexually dangerous person. The probation officer's report indicates interviews with other people where like or similar instances as shown by this record had taken place with other girls. The wife stated that one reason for her divorce was the sexual idiosyncrasies of the defendant. The police investigation at or about that time indicated like circumstances. It should be remembered that this evidence was adduced through the probation officer's report after the defendant was found guilty and prior to sentence. It was considered on the question of sentence alone. While each case is based on its individual facts, we recognize the rule that where as here the occurrence acts are based on testimony of the complaining witness and the defendant denies the charge, the testimony of that witness must be clear and convincing and the credibility of witnesses and a determination of conflicting testimony is a matter for the trial court, and this court will not substitute its judgment for that of the trial court on the question of credibility. *People v. Wendt*, 104 Ill.App.2d 192, 244 N.E.2d 384.

The defendant testified on the hearing for probation and a copy of

that report was furnished to him. That testimony shows a good work record on the part of the defendant, that he was supporting his family even though divorced, and that he was willing to do a long probationary period. There was no explanation by him of the facts contained in the probation officer's report and in that officer's recommendation to the trial court.

Accordingly, the judgment and sentence of the trial court is correct and it is hereby affirmed.

Judgment affirmed.

CRAVEN, P. J., and SIMKINS, J., concur.