THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* GLEN DALE MINER, Defendant-Appellant.

(No. 11868;

Fourth District—February 21, 1974.

662

John F. McNichols, Deputy Defender, of Springfield (J. Daniel Stewart, Assistant Appellate Defender, and Michael J. Logan, of counsel), for appellant.

Basil G. Greanias, State's Attorney, of Decatur (James R. Coryell, Assistant State's Attorney, of counsel), for the People.

Mr. JUSTICE TRAPP delivered the opinion of the court:

Defendant was convicted of robbery upon a jury trial.[1] Sentence of 7 to 20 years was imposed.

Defendant urges that it was error to deny his motion for a new trial based on affidavits of newly discovered evidence, that his sentence was imposed upon insufficient information adduced at his hearing in aggravation and mitigation and that the sentence is excessive.

The newly-discovered evidence alleged in the affidavit in support of the motion for a new trial is a $20 check written and cashed by defendant some four-and-one-half hours prior to the robbery. Defendant contends that this check accounts for his possession of four $5 bills in addition to $1.69 in change at the time of his arrest. The affidavit does not say that defendant was given four $5 bills for his check.

On the night of February 23, 1970, Evelyn Stauder was working as a waitress at the Snappy Service Hamburger Stand in Decatur. Gary Heronimus was an acquaintance of Miss Stauder and a regular customer at Snappy. Heronimus was present when defendant entered the ham-

---

[1] Ill. Rev. Stat. 1969, ch. 38, par. 18—1.

burger stand and placed his "to go" order with Miss Stauder. While Miss Stauder was preparing defendant's order, Heronimus left the building around 9:15 P.M., leaving the defendant and Miss Stauder alone in the hamburger stand. When Miss Stauder gave the defendant his order, the defendant leaned over the counter and said "Give me your tens". Miss Stauder replied, "I don't have any tens" and "What do you mean?". The defendant responded, "This is a holdup", and, "Give me your fives, if you have any". When Miss Stauder hesitated, the defendant said, "If you don't I will blow your head off". The waitress turned around, removed from the cash drawer an unknown number of $5 bills, and handed them to the defendant. The defendant kept his left hand in his jacket pocket from the time he demanded the money until he left. The police were called immediately and within a few minutes the defendant was arrested in the near vicinity of the hamburger stand. Both Miss Stauder and Heronimus positively identified the defendant. The owner of the business testified that at 10:00 P.M. on the night of the robbery there was a $20 shortage in the cash register.

The defendant does not deny that he was present at the hamburger stand at the time in question, or that he placed an order with Miss Stauder, but he denies the robbery. According to the defendant, after a day of heavy drinking he went to Snappy and ordered a hamburger, paid for it and left. He denied keeping his left hand in his coat pocket, demanding cash and threatening Miss Stauder. The defendant claims that the cash in his possession at the time of his arrest was obtained from a check he had cashed earlier in the day for $20. The defendant's testimony was the only evidence presented in his defense.

The affidavit accompanying the motion for a new trial alleges that the defendant had been unable to give information to his counsel because he had no memory of the events involved, but that immediately before testifying, the defendant told his attorney that his memory had returned and disclosed the existence of the $20 check.

■■ Applications for a new trial on the ground of newly-discovered evidence are looked upon with disfavor and subject to the closest scrutiny by the courts. In *People v. Holtzman*, 1 Ill.2d 562, 569, 116 N.E.2d 338, the court said:

> "[T]he burden is upon the applicant to rebut the presumption that the verdict is correct and to show there has been no lack of diligence. The matter is largely discretionary with the trial court, and the exercise of its discretion will not be disturbed except in case of manifest abuse."

To warrant a new trial, the newly-discovered evidence must be of such conclusive character that it will probably change the result on re-

trial. (*People v. Reese,* 54 Ill.2d 51, 59, 294 N.E.2d 288.) Where the newly-discovered evidence is cumulative and inconclusive, the denial of a motion for new trial based upon such evidence is not an abuse of discretion. *People ex rel. Walker v. Pate,* 53 Ill.2d 485, 492, 292 N.E.2d 387.

■■ The defendant here has failed to meet his burden of satisfying the above stringent requirements. The defendant claims that his memory as to the existence of the check was revived after the prosecution rested, and shortly before the defense began its case. The check allegedly had been cashed at a gas station in Cerro Gordo, a few miles from the trial court in Decatur, yet there was no attempt to secure a recess or brief continuance in order to telephone or visit the attendant who had cashed the check. This apparent lack of diligence is not a decisive factor here, however. The defendant himself testified that the cash in his possession at the time of his arrest was the proceeds from the check cashed in Cerro Gordo. Thus, we consider that the introduction of the check or the testimony of the gas station attendant would have been merely cumulative. Further, such evidence would hardly be conclusive, as the testimony of the robbery victim alone is sufficient to support a robbery conviction even when the fruits of the robbery are never found in defendant's possession. (*People v. Brown,* 16 Ill.2d 482, 158 N.E.2d 579.) It appears that an explanation of defendant's possession of the cash in question would not probably alter the result on retrial, and we hold that the trial court did not abuse its discretion by so ruling.

■■ Defendant next contends that the trial court failed to secure sufficient presentence information concerning the character, personal background and history of the defendant before sentencing him for robbery. In support of his request for vacation of his sentence and remandment for resentencing, defendant relies upon *People v. Bradford,* 1 Ill.App.3d 38, 272 N.E.2d 259. In *Bradford,* defendant entered a plea of guilty to murder. The record contained nothing but the indictment, the plea and a sentence recommendation by the State's Attorney. It was determined that under such circumstances there was no record upon which the court could exercise its discretion in imposing sentence, and that as a practical matter the State's Attorney's recommendation determined the sentence imposed. (See also *People v. Harden,* 78 Ill.App.2d 431, 222 N.E.2d 693.) Here, however, the record provided detailed testimony before the jury as to the nature of the crime and the defendant's own testimony as to his background, the record of defendant's prior convictions and argument of counsel as to the sentence. It appears, particularly, that the State's Attorney's recommendation of a sentence of 12 to 20 years was not followed by the court. The facts of the record were sufficient for an independent determination of sentence by the court. (*Peo-*

*ple v. Brouhard,* 53 Ill.2d 109, 290 N.E.2d 206.) It is not necessary to remand for further hearing upon this record. (*People v. Nelson,* 41 Ill.2d 364, 243 N.E.2d 225.) At the time sentence was imposed it was incumbent upon defendant to introduce the evidence which he now claims should be placed in the record. *People v. Whittington,* 46 Ill.2d 405, 265 N.E.2d 679.

Defendant contends that the sentence should be vacated and the cause remanded for resentencing to enable defendant to benefit from a change in policy as to hearings in aggravation and mitigation under the Unified Code of Corrections which became effective subsequent to the time of defendant's sentence. (Ill. Rev. Stat., 1972 Supp., ch. 38, par. 1005—3—1.) He urges the authority of *People v. Carleton,* 116 Ill.App.2d 450, 252 N.E.2d 702. In that case the legislature had mitigated the terms of penalty provided by statute and the disposition made was founded upon the provisions of Ill. Rev. Stat. 1967, ch. 131, par. 4.

■■■ Such policy is not relevant here. The statutory scheme in effect at the time defendant was sentenced provided, *inter alia,* that:

> "For the purpose of determining sentence to be imposed, the court shall, after conviction, consider the evidence, if any, received upon the trial and shall also hear and receive evidence, if any, as to the moral character, life, family, occupation and criminal record of the offender and may consider such evidence in aggravation or mitigation of the offense." Ill. Rev. Stat. 1969, ch. 38, par. 1—7(g).

While such provision contained no express reference to waiver of proceedings in aggravation and mitigation, in *People v. Nelson,* 41 Ill.2d 364, 243 N.E.2d 225, the court determined that the provision contemplated a possibility of waiver by defendant. The Unified Code of Corrections (Ill. Rev. Stat., 1972 Supp., ch. 38, par. 1005—3—1) expressly provides that there may be waiver of presentence investigation and report. Thus, the new Code of Corrections does not effect a change of policy regarding a waiver of proceedings in aggravation and mitigation by defendant.

■■ Defendant contends that the sentence was excessive in that the amount taken was not large, that no one was injured in the robbery and that he claimed to be intoxicated. The trial court heard the evidence and also had before it defendant's record of convictions for other offenses, including assault and battery with intent to rob. On such record, it is not apparent that the trial judge abused his discretion in imposing sentence. *People v. Burbank,* 53 Ill.2d 261, 291 N.E.2d 161.

■■ This appeal was pending on January 1, 1973, the effective date of the Unified Code of Corrections and defendant is entitled to be re-

sentenced under such Code if the sentence provided therein is less than under the former statute. (*People v. Harvey*, 53 Ill.2d 585, 294 N.E.2d 269.) Robbery is a Class 2 felony. (Ill. Rev. Stat., 1972 Supp., ch. 38, par. 18—1(b).) The Code provides that as to a Class 2 felony, the minimum term shall not exceed one-third of the maximum term. (Ill. Rev. Stat., 1972 Supp., ch. 38, par. 1005—8—1(c)(3).) The minimum term of this sentence exceeds the one-third of the maximum term provided, *i.e.*, 20 years. (Ill. Rev. Stat., 1972 Supp., ch. 38, par. 1005—8—1(b)(3).) By reason of such provision, the sentence is modified and as modified the minimum sentence shall be a term of not less than six years eight months, and the maximum term shall not exceed 20 years.

The judgment of conviction is affirmed. The cause is remanded to the circuit court with directions to issue an amended *mittimus* reflecting the sentence as modified.

Affirmed and remanded with directions.

CRAVEN, P. J., and SIMKINS, J., concur.