(No. 36564.—

THE PEOPLE OF THE STATE OF ILLINOIS, Defendant in Error, *vs.* GEORGE GAYLES, Plaintiff in Error.

*Opinion filed March 23, 1962.*

JOHN E. ROBSON, of Chicago, appointed by the court, for plaintiff in error.

WILLIAM G. CLARK, Attorney General, of Springfield, and DANIEL P. WARD, State's Attorney, of Chicago, (FRED G. LEACH, Assistant Attorney General, and JOHN T. GALLAGHER and RUDOLPH L. JANEGA, Assistant State's Attorneys, of counsel,) for the People.

Mr. JUSTICE DAILY delivered the opinion of the court:

Defendant, George Gayles, was found guilty of the unlawful sale of narcotic drugs after a bench trial in the criminal court of Cook County and was sentenced to the penitentiary for a term of 10 to 12 years. He prosecutes this writ of error for review contending that he was not proved guilty beyond a reasonable doubt, and that an exhibit was improperly received in evidence.

On May 31, 1960, police officer Robert H. Jarrett, who was afoot, saw defendant and a man named Louis Williams sitting in a parked car. Williams, who was acquainted with the officer and known to the latter as a narcotics addict, was sitting in the driver's seat and defendant was seated beside him. While the officer was walking toward the car another man, Henry Merritt, was seen to come up to the automobile where he first spoke with Williams and then walked around and talked with defendant. As the officer walked past the car Williams got out and engaged him in a conversation. While this was occurring the officer was looking back at the car and saw defendant pass to Merritt a brown packet and receive from Merritt some currency. Officer Jarrett then demanded and received the packet from Merritt, placed all three men under arrest and, upon looking in the car, found a crumpled up five-dollar bill on the floor of the side of the car where defendant was sitting.

A squad car driven by Jarrett's partner, officer William A. Parker, then arrived at the scene. Parker received the small brown packet from Jarrett and noted that it contained a white powder. Thereafter, Parker put his initials on the packet and placed it in an inventory envelope upon which he wrote the name of Henry Merritt after being advised by Jarrett that the packet had been obtained from Merritt. Upon arrival at the police station the inventory envelope was given a number by the property custodian, was sealed and signed by Parker and then delivered by him to the crime laboratory. At the trial of the cause, the brown packet and its contents were admitted into evidence after it was stipulated: (1) that on May 31, 1959 Jarrett had received the packet from Merritt; (2) that Jarrett had turned the packet over to Parker; (3) that Parker, on the same day, took the packet to the crime laboratory and gave it to a chemist there; and (4) that the chemist would testify that an analysis of the contents of such packet showed that it contained .41 grains of heroin. In an ensuing discussion the erroneous date in-

cluded in the stipulation was discovered and it was agreed by defense counsel that it should read May 31, *1960.*

Shortly after the stipulation was entered into, counsel for defendant, explaining that his action had been inadvertant, withdrew so much of the stipulation as related to the fact that Jarrett had received the packet from Merritt because the latter had made conflicting statements on the subject. At this, the prosecution recalled Jarrett and established by his testimony that he had received the packet from Merritt under the circumstances heretofore related. Additionally, the prosecution also produced Parker as a witness and proved so much of the stipulated facts as related to his possession of the packet and its delivery to the chemist. The latter was not available as a witness but the record admits of not the slightest doubt as to the meaning and effect of the stipulation.

Defendant's contention that he was not proved guilty beyond a reasonable doubt is predicated upon an argument that there is no proof in the record that he sold heroin as charged in the indictment. Admittedly, however, the argument is based on a theory that the stipulation was withdrawn as to the testimony of the chemist, and that the stipulation was ineffective for any purpose since it referred to May 31, *1959,* a date one year before the crime charged in the indictment. Neither proposition can be sustained under the record. On writ of error, the record of the proceedings in the trial court imports verity and cannot be impeached, contradicted or amended except by reason of other matters of record. (*People* v. *Jones,* 9 Ill.2d 481; *People* v. *Brown.* 3 Ill.2d 623.) Despite counsel's arguments, the record here shows that the stipulation as to the testimony of the chemist was never withdrawn, and that the erroneous date included in the stipulation was noted and corrected with the agreement of defendant's counsel. This being so, there was competent evidence that it was heroin defendant had sold. Coupled with the testimony of Officer Jarrett, who stated

he saw the transaction take place and whose testimony was believed by the trial court over defendant's denial, we conclude the evidence was sufficient to establish guilt beyond reasonable doubt.

Defendant's further contention that the packet and its contents were improperly received in evidence because the prosecution did not establish continuity of possession at all relevant times or the relation of the exhibit to the offense being tried, (see: *People* v. *Judkins,* 10 Ill.2d 455,) is likewise without merit. Continuity of possession is shown all the way from defendant to the chemist at the crime laboratory, and it was stipulated that the packet received by the chemist from Parker contained heroin. Also, at the trial, Parker testified he had delivered no other packets to the crime laboratory on the day in question, and identified the exhibit as the same packet he had received from Jarrett and delivered to the chemist. We are satisfied the exhibit was the packet which was sold by defendant and found to be heroin by the chemist, and that the court did not err in admitting it into evidence.

The judgment of the criminal court of Cook County is affirmed.

*Judgment affirmed.*