THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* GLORIA RESKETO, Defendant-Appellant.

(No. 55380;

First District—January 17, 1972.

Edward S. Richman, of Chicago, for appellant.

Edward V. Hanrahan, State's Attorney, of Chicago, (Robert A. Novelle and Stephen R. Kramer, of counsel,) for the People.

Mr. PRESIDING JUSTICE GOLDBERG delivered the opinion of the court:

After a bench trial, defendant, Gloria Resketo, was found guilty of possession of stimulants. (Ill. Rev. Stat. 1969, ch. 111½, par. 802(c).) She was sentenced to probation for six months and she appeals.

Her counsel raises two basic questions on appeal:

1. That the evidence of guilt was improper hearsay which was insufficient to support the finding of guilty; and

2. That there was a total failure of the evidence to show that the substance involved was a dangerous drug.

The arresting officer testified that at approximately 2:00 A.M. on October 1, 1969, pursuant to the execution of a search warrant, he went to defendant's apartment in Chicago. He informed defendant that he had a search warrant for her residence and permitted her to read it. He then searched the premises and found a vial containing a white powder in open view on a nightstand and a hypodermic needle in the washroom closet. Defendant was placed under arrest and the vial containing the powder was "transported to the crime laboratory."

At this point in the officer's testimony, the State's Attorney stated:

"For the record it is case number, Robert Boise, Chicago Police Department Crime Laboratory chemist, case number, 69 10504-C; one plastic container containing .34 grams of white powder subjected to various chemical identity tests, determined to be amphetamines, a dangerous drug. All the foregoing happened in the City of Chicago, State of Illinois. This is the defendant you arrested?"

The officer then responded affirmatively that defendant was the person he arrested and identified her for the record. No objection was made by counsel for defendant to this procedure or to the statement made by the prosecution. The defendant testified in her own behalf. She stated that she did not know exactly what the contents of the vial consisted of but that she knew it was some kind of a diet pill. She had no prescription for this substance. Her lawyer then put the following question which she answered as indicated:

"Q. Did you know it was dangerous drugs or having that invalidly is against the law?

A. Probably did."

■■ Under the view we take of this appeal, its disposition will be governed by the second issue raised by defendant. Accordingly, we will

consider this contention first. It is directed not to the weight of the prosecution evidence but to an alleged total failure thereof. It has frequently been held in cases involving sale or possession of narcotics that positive identification is necessary to show that the suspected material was actually a proscribed narcotic or stimulant. *People v. Judkins*, 28 Ill.2d 417, 420; *People v. Sanford*, 24 Ill.2d 365, 367-68; *People v. Ortega*, 83 Ill.App.2d 49, 51.

■■ Applying this established principle to the case at bar, it appears immediately that there is a complete lack of proof that the substance found by the arresting officer was actually the same material which was subjected to chemical tests. To begin with, the evidence is merely to the effect that the container in question was "transported to the crime laboratory." There was no evidence to whom the vial was delivered and no evidence of its condition when delivered. The evidence does not show to which laboratory the substance was delivered or that it ever reached the Chicago Police Department Crime Laboratory.

■■ In addition, even taking the statement of the State's Attorney at its face value, there is no evidence that the test in question was made upon the material seized by the arresting officer. The State's Attorney referred to Case No. 69 10504-C. If this is intended to represent the number assigned to the cause by the Clerk of the Circuit Court, it is erroneous because the proceedings bear No. 69-MC1-536799. If the stated number is intended to represent a serial number designation of the report, the lack of evidence would be even more apparent because there is no connecting link of any kind between this number and the substance seized in the arrest. We cannot raise the defendant's equivocal language to the level of an admission sufficient to overcome the presumption of innocence.

It follows necessarily that the judgment appealed from cannot be affirmed. Acting in accordance with one of the alternatives prayed in the conclusion of defendant's brief which states the precise relief sought (S.Ct. Rule 341(e) (8) ), we reverse the judgment appealed from and remand the cause to the Circuit Court of Cook County for further proceedings not inconsistent with the views above expressed. We anticipate that the situation which brought forth the first contention made by defendant will be alleviated upon a retrial of the cause.

Judgment reversed and cause remanded with directions.

BURKE and LYONS, JJ., concur.