THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* THOMAS H. RHINEHART, Defendant-Appellant.

(No. 73-24;

Third District—May 23, 1973.

Kenneth E. Critser, of Monmouth, for appellant.

Fred Odendahl, State's Attorney, of Monmouth, (Edward Morris, Assistant State's Attorney, of counsel,) for the People.

Mr. PRESIDING JUSTICE ALLOY delivered the opinion of the court:

Defendant Thomas H. Rhinehart appeals to this court from a sentence imposed by the circuit court of Warren County, Illinois, following a plea of guilty to the possession of cannabis in violation of section 704(e), ch. 56½ of Illinois Revised Statutes. Ill. Rev. Stat. 1971, ch. 56½, § 704(e).

The record discloses that defendant Rhinehart, together with three other young men cut marijuana plants on a farm and took a large pile of the cut marijuana plants to a place where they examined the plants and concluded that they were "no good". They then placed the plants in a grain room on a farm to dry. Following the arrest of defendant and his three companions, defendant pleaded guilty to a charge of possession of marijuana as indicated. A hearing was held in aggravation and mitigation on the same day as the sentencing. The probation officer filed a report in which he recommended probation for Rhinehart. The probation report

indicated that defendant had not been arrested or convicted for any violation of law other than violations of the Motor Vehicle Act.

Defendant is 25 and unmarried. He had served in the Army, including service in Vietnam, and was honorably discharged. He admitted to the interviewer that he had started using marijuana in Vietnam. Testimony on behalf of defendant indicated that he would be a good subject for probation. The probation officer had recommended probation without a jail term. The court, however, sentenced defendant to 3 years on probation with the first 6 months to be spent at the Illinois State Farm at Vandalia, Illinois. In the course of announcing such sentence, the court stated that he thought it would be a fair statement that the marijuana which had been obtained, "was probably intended for sale somewhere along the line." There was no evidence of any sale or of any intention to make a sale. The charge was simply one of possession but not of sale.

On appeal in this court, defendant requests that this court exercise its power under Supreme Court Rule 615 (Ill. Rev. Stat. 1971, ch. 110A, § 615) and modify the sentence by eliminating the portion thereof requiring a jail sentence as part of the probation sentence.

■■ At the time of the sentencing of defendant on November 28, 1972, it was permissible to imprison a defendant as a part of the condition of the sentence of probation imposed by a court. (Ill. Rev. Stat. 1971, ch. 38, § 117—2.) Under the new Unified Code of Corrections, however, which became effective on January 1, 1973, a court may not require as a condition of probation that the defendant be committed to a period of imprisonment unless the imprisonment is "periodic". (Ill. Rev. Stat. 1971, Ch. 38, § 1005—6—3(b)(1)  *  *  *  (d)). In Section 1008—2—4 of the new Unified Code of Corrections it is specifically provided that the penalty for any violation of law occurring prior to the effective date of the Act is not affected or abated by the Act, but, also, that if the offense being prosecuted had not yet reached the sentencing stage or final adjudication, then for the purposes of the sentencing, sentences under the Code of Corrections would apply if they are less than under the prior law upon which the prosecution was commenced. Technically, therefore, the new Unified Code of Corrections would not be applicable to the cause before us because the possible penalty for defendant's offense was actually increased under the new Code.

■■■ We discern, however, in the provision with respect to elimination of imprisonment as a condition of probation, a substantial and mitigating basic public policy. The courts of this State have sought to adapt sentences in which a final adjudication has not been made to the general public policy expressed in amended or later applicable statutes where the ends of justice will be best subserved thereby. (*People v. Carleton*, 116

862

Ill.App.2d 450, 252 N.E.2d 702; *People v. Bailey*, 1 Ill.App.3d 161, 273 N.E.2d 74.) There has been no final adjudication in this case since it is pending on direct appeal. As we interpret the legislation in the Unified Code of Corrections with respect to incarceration, it is apparent that the legislature has concluded that if a defendant is a valid probation risk he should have probation without incarceration unless such incarceration is "periodic" as outlined in the Unified Code of Corrections. In view of the evidence with respect to the defendant's potential for rehabilitation, we feel that probation is the best method of punishment as a reforming discipline under the facts in this case, and that rehabilitation of defendant does not require that we rigidly adhere to prior concepts, but in fact, calls for application of the spirit of the change and modification as expressed in the Unified Code of Corrections to eliminate the imposition of incarceration as to defendant in this cause.

We find it is, therefore, appropriate that the sentence be modified to eliminate the 6-month period of incarceration so as to constitute a sentence solely of probation for a period of 3 years. The sentence is accordingly modified to probation only for a period of 3 years.

The judgment of conviction and the sentence as modified are affirmed.

Affirmed as modified.

STOUDER and DIXON, JJ., concur.