■■ In accord with *People v. Rhinehart* (1973), 11 Ill.App.3d 859, and *People v. Adkisson, post,* p. 1015, applying the new Corrections Act (Ill. Rev. Stat. 1971, ch. 38, sec. 1005—6—3(b)(1) * * * (d)), it is our conclusion the jail sentence prescribed as a condition of probation is inappropriate.

THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* DAVID BRUCE ADKISSON, Defendant-Appellant.

(No. 73-151;

Third District—July 17, 1973.

Kritzer, Stansell and Critser, of Monmouth, (Kenneth E. Critser, of counsel,) for appellant.

Fred R. Odendahl, State's Attorney, of Monmouth, for the People.

Mr. JUSTICE DIXON delivered the opinion of the court:

Defendant, David Bruce Adkisson was placed on probation for two years upon the condition that he spend 60 days in the Warren County Jail during the summer of 1973 during school vacation.

On appeal in this court defendant requests that this court modified the sentence by eliminating the jail sentence as a part of the probation sentence.

■■ At the time of sentencing of defendant on Oct. 26, 1972 it was permissible to imprison a defendant as a part of the condition of the sentence of probation imposed by a court. Under the new Unified Code of Corrections, effective Jan. 1, 1973, a court may not require as a condition of probation that the defendant be committed to a period of imprisonment unless the imprisonment is "periodic" (Ill. Rev. Stat. 1971, ch. 38, sec. 1005—6—3(b)(1) * * * (d).

The exact issue was previously decided by this court in *People v. Rhinehart* (1973), 11 Ill.App.3d 859, where we found in the provision with respect to elimination of imprisonment as a condition of probation, "a substantial and mitigating basic public policy" and that rehabilitation of defendant" calls for application of the spirit of the change and modification as expressed in the Unified Code of Corrections to eliminate the imposition of incarceration as to defendant in this cause".

■■ We find that it is proper that the judgment be modified to eliminate the 60 day period of incarceration so as to constitute a sentence solely of probation for a period of two years. The sentence is accordingly modified to probation only for a period of two years.

The judgment of conviction and the sentence as modified are affirmed.

Affirmed as modified.

ALLOY, P. J., and STOUDER, J., concur.