THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* SEBASTIAN LICATA, Defendant-Appellant.

(No. 57938;

First District (4th Division)—October 24, 1973.

Thomas J. Malone and Richard H. Devine, both of Chicago, for appellant.

Bernard Carey, State's Attorney, of Chicago, (Kenneth L. Gillis and John M. Cutrone, Assistant State's Attorneys, of counsel,) for the People.

Mr. JUSTICE ADESKO delivered the opinion of the court:

The defendant, Sebastian Licata, was found guilty of burglary in a bench trial. On May 26, 1972, he was placed on probation for a period of five years, a condition of which being that he serve the first year of this probation in the House of Correction. Defendant appeals contending

that he did not receive a fair trial since the trial judge had reached a conclusive opinion of his guilt prior to hearing all the evidence.

The complaining witness, Edwina Hurley, testified that on August 27, 1971, she left her apartment at about 1:00 P.M. and returned there fifteen minutes later. As she began to enter she heard a noise in the dining room and called out. She noticed that her television set had been moved and was now in the middle of the floor. She ran down the stairs until she met Mrs. Rock.

Mrs. Rock testified that she was standing on the back landing of her building when she heard a "commotion". She went down her back stairs and across her yard where she was able to see a man on the first floor landing of Mrs. Hurley's building alongside hers. She also saw that Mrs. Hurley's back door was open. When the man came down the stairs and ran down the alley, Mrs. Rock was within four feet of him. She described the man to the police and later identified defendant from a number of photographs shown to her by the police at the station.

Detective Raymond Downes was the final witness for the State. After he described Mrs. Rock's identification of the defendant at the police station, he testified on cross-examination regarding two neighbors who he said had seen a man come through their yard. Detective Downes stated that the men could not identify Licata as the man in their yard. The following discussion then took place:

"Q. And they failed to identify Mr. Licata, is that right?

Mr. Meltreger [State's Attorney]: Objection.

The Court: Failed to identify as what?

Mr. Maloney [Defendant's Counsel]: As the man who had gone through their yard on August 27, 1971.

Mr. Meltreger: Objection.

The Court: That's all right. Go ahead, answer it. It has nothing to do with this.

The Witness: They couldn't be positive, no, sir.

Mr. Maloney: Did you say it has nothing to do with this case, Judge?

The Court: As I understand it, two people are saying at a different place that isn't the man they talked to in the yard.

Mr. Maloney: No, at the same time and place, Judge.

The Court: Oh, no. That's what you want me to think. People said, 'I don't know if that's the man that asked me to go in the yard or not.' What has this got to do with this woman with a clear, convincing view, and seeing him going in the yard, down the steps in the yard?

It goes in for whatever it's worth. They said, 'This is not the

man that asked us to go through our yard.' That can go in the record. They also want to say this is not the man who ran down the stairs, and came out of the house, and everything else, then you may have something. That's what I get out of it, Mr. Maloney. Maybe you have something I missed."

Defendant testified on his own behalf as the only witness for the defense.

Defendant's sole contention on appeal is that the remark of the trial judge, "What has this got to do with this woman with a clear, convincing view, * * *", proves that the trial judge had reached a conclusive opinion of defendant's guilt before the close of all the evidence.

■■ We agree with the defendant that an accused in a criminal proceeding is presumed innocent through all stages of a trial, (*People v. Long*, 407 Ill. 210, 95 N.E.2d 461) and that a fundamental part of this presumption is the duty of the trial court to resolve disputed issues of fact only after hearing all of the evidence with an open mind. (*People v. Ojeda*, 110 Ill.App.2d 480, 249 N.E.2d 671.) Upon reading the entire record in the instant case, we do not find that the trial judge had resolved the disputed issue of fact before hearing all the evidence. The record in the instant case shows that the statement of the trial judge has been taken entirely out of context by defendant. The judge simply stated that unless the defendant could show that the two men in the yard were speaking about the same man Mrs. Rock saw, then the fact that they failed to identify defendant would not affect Mrs. Rock's identification. The judge in fact considered the testimony to be very important to the decision in the instant case and suggested that defendant's counsel bring in these two men to testify. The judge noted that he had Mrs. Rock's eyewitness testimony and that the detective had not been present but was merely repeating the statement of others. It appears that the comments of the trial judge were for the purposes of clarification of the issues and to confine the cross-examination within the permissible limits of the rules of evidence. This is the proper function of a trial judge in a bench trial. *People v. Dismuke*, 130 Ill.App.2d 525, 263 N.E.2d 611.

■■ Although not raised by defendant on appeal, this court takes notice that the sentence of five years probation, with the condition that the first year be served in the House of Correction, would be improper under the Unified Code of Corrections which became effective on January 1, 1973. At the time defendant was originally sentenced on May 26, 1972, it was proper for a court to impose imprisonment as a condition of probation. (Ill. Rev. Stat. 1971, ch. 38, par. 117—2.) Under the Unified Code of Corrections imprisonment may not be imposed as a condition

of probation, unless such imprisonment is periodic. Ill. Rev. Stat., 1972 Supp., ch. 38, par. 1005—6—3(d).

■■ Since this cause has not been finally adjudicated as of the effective date of the Unified Code of Corrections, defendant is entitled to the benefit of its provisions. (Ill. Rev. Stat., 1972 Supp., ch. 38, par. 1008—2—4; *People v. Harvey*, 53 Ill.2d 585, 294 N.E.2d 269.) It is our conclusion therefore that the condition of imprisonment as part of the sentence of probation is improper in the instant case. (*People v. Davis*, 12 Ill.App.3d 1014, 299 N.E.2d 342; *People v. Adkisson*, 12 Ill.App.3d 1015, 299 N.E.2d 145; *People v. Rhinehart*, 11 Ill.App.3d 859, 296 N.E.2d 781.) The sentence is accordingly modified to probation only for a period of five years.

For the foregoing reasons, the judgment of the circuit court of Cook County is affirmed as modified.

Judgment affirmed as modified.

BURMAN, P. J., and JOHNSON, J., concur.