THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* WILLIE HICKS, Defendant-Appellant.

(No. 58761;

First District (2nd Division)—February 5, 1974.

James J. Doherty, Public Defender, of Chicago (Ira Churgin, Assistant Public Defender, of counsel), for appellant.

Bernard Carey, State's Attorney, of Chicago (Kenneth L. Gillis and Thomas A. Mauet, Assistant State's Attorneys, of counsel), for the People.

Mr. JUSTICE STAMOS delivered the opinion of the court:

Defendant, Willie Hicks, was convicted following a bench trial on March 9, 1972, of possession of heroin on August 4, 1971, and placed on two years probation on condition that he serve the first 90 days in the House of Correction. (Ill. Rev. Stat. 1969, ch. 38, par. 22—3.) On appeal, he argues the State failed to prove beyond a reasonable doubt that he "possessed" heroin or that the substance was, in fact, heroin.

When the case was called for trial on March 9, 1972, after defendant had indicated his intention to move to suppress the evidence, the State's Attorney stated: "And also there will be a stipulation later on should the case go to trial as to what the lab report resolved in this matter." The assistant State's Attorney was tendered to the defendant's attorney the inventory slip on the case, bearing Inventory No. 881224. After a hearing, the motion to suppress was denied.

At the trial, Chicago police officer August Caporusso, called by the State, testified: On August 4, 1971, he proceeded to 2548 W. Warren to execute a search warrant for those premises and for the defendant, Willie Hicks. He observed the defendant walk out of the front door of the apartment, down the stairs and to an automobile parked in an empty lot immediately west of the building. The automobile in which the officer was riding (in the back seat behind the driver) pulled up to the right of and parallel with defendant's automobile, within six feet of defendant's automobile. Defendant was seated in the right front, *i.e.*, passenger's side, of his vehicle with the door open. He observed the defendant with his hand in the vehicle's heater vent which was located directly in front of defendant. When he was approximately three feet away from defendant's vehicle, the officer observed defendant remove his hand from the heater vent and he then observed in the heater vent a plastic bag containing tinfoil packets, which he removed from the heater vent. He placed defendant under arrest and advised him of his constitutional rights. The small, clear, plastic bag contained 33 tinfoil packets which in turn contained white powder. When asked if he had "occasion to inventory the same white powder substance," the officer answered, "Yes." It was filed under Inventory No. 881224 at the Chicago Police Department. He then took the bag to the desk of the crime laboratory and was there given the number 71100190CY. The following colloquy then occurred:

"MR. KAYMAN (Assistant State's Attorney): At this time, your Honor, there was a stipulation to the lab report between counsel for the defendant, Mrs. Hubbard and myself, assistant State's Attorney, PAUL KAYMAN or Edward V. Hanrahan through his assistant, Paul Kayman, that the lab report dated August 5, 1971 revealing the number 71-100190C-Y contains a total estimated weight of 6.5 grams of diacetylmorphine commonly referred to as heroin and that this is the same white powder substance so analyzed by Charles VanDruck, a duly qualified chemist.

THE COURT: So stipulated?

MRS. HUBBARD (Defense attorney): So stipulated.

THE COURT: All right.

BY MR. KAYMAN:

Q. The events that you testified to occurred in the City of Chicago, County of Cook and State of Illinois?

A. Yes, they did.

\* \* \*

THE COURT: State rests?

MR. KAYMAN: Yes, your Honor.

THE COURT: Defense?

MRS. HUBBARD: Defense rests.

THE COURT: All right. There will be a finding of guilty."

■■ Defendant first contends the evidence did not prove he actually possessed the plastic bag. *People v. Jackson*, 23 Ill.2d 360, 178 N.E.2d 320, cited by defendant, is distinguishable on its facts. There, police officers executing a warrant found no contraband inside defendant's apartment, but did find a package which contained heroin in an airwell two floors below. However, windows of seven other apartments opened on the airwell and the reviewing court held this evidence amounted to only a "strong suspicion" and not proof beyond a reasonable doubt. The proof here was clear and convincing that the contraband in question was under the immediate and exclusive control of defendant. *People v. Nettles*, 23 Ill.2d 306, 178 N.E.2d 361, *cert. denied*, 369 U.S. 853, 8 L.Ed.2d 12, 82 S.Ct. 939.

Defendant next contends that the State did not prove the "chain of custody" of the bag from the moment of its seizure by the police officer to the time of its analysis, citing *People v. Resketo*, 3 Ill.App.3d 633, 279 N.E.2d 432. In *Resketo*, however, the reviewing court pointed out that there was no evidence to prove to whom the questioned substance had been delivered, its condition when delivered, the laboratory to which it had been delivered or that it ever reached the laboratory, and that there was some confusion and a discrepancy as to the case number of the alleged laboratory report and court filing number, thus indicating the possibility of a mistake.

On the other hand, in *People v. Williams*, 9 Ill.App.3d 466, 292 N.E.2d 204 (abstract opinion), the chain of evidence was held sufficiently proven when the arresting officer testified he took the contraband to the crime lab, the item was inventoried with the Chicago Police Department for analysis, and he received a "return dated 4 October 1971, case number 71-12700-6, wherein the crime lab chemist found that the five tinfoil packets contained 1.3 grams, three of which were tested and found to be heroin." Significantly, the defendant there was held to have waived any question concerning the admissibility of the lab report by failure to object to it.

However, in *People v. Scott* (1st Dist., November 14, 1973), —— Ill.App.3d ——, —— N.E.2d ——, General No. 58675, decided after the briefs were submitted in the case at bar, the chain was held not properly proven where a police officer testified he took the contraband to the "crime laboratory for analysis," submitted it under case number 72-4520-C, and a laboratory report under that case number showed three tinfoil packets containing white powder, had a total weight of .58 grams. In holding this insufficient proof, the reviewing court stated (slip opinion, page 4):

> "It may be true in the case at bar, that the officer testified that the substances confiscated were not only submitted to the crime lab, but submitted under a certain number, and that the lab report allegedly revealing their nature bore the same number. But there is no evidence here relating to whom the substances were delivered to at the crime lab, or for that matter, to what crime lab. Nor is there any evidence relating to the condition of the substances when delivered. The mere fact that the number under which the officer gave the substances to the crime lab is the same as the number of a lab report written by a police chemist showing that certain substances he examined are proscribed drugs is weak evidence at best of the identity of the substances taken from the defendant. The deficiency in this testimony is aggravated by the leading nature of the questions which elicited it.

> Another defect in the evidence as presented by the State is the officer's testimony regarding the lab report. Testimony regarding the contents of this report, made by a police chemist who never testified in court, was clearly inadmissible as hearsay. There is no stipulation by the defendant to the admission of the lab report reflected in the record." See *People v. Gayles*, 24 Ill.2d 242, 181 N.E.2d 83.

The case at bar is distinguishable, however. Here the police officer testified he had occasion to inventory the contraband under number 881224 and a copy of this inventory was tendered to the defendant's attorney in court before the trial began. The officer further testified that he took the packets containing the white powder substance to the desk of the Chicago Police Department crime laboratory where it was given No. 71100190CY which in fact corresponded to the number of the stipulated report. Therefore, the only question left unanswered was to whom the substances had been delivered at the crime laboratory. This deficiency in the testimony is not fatal. Indeed, the stipulated report in the instant case sufficiently distinguishes the *Scott* case. The present state of the record presents at best a question of credibility, which the trial judge

determined adversely to the defendant. It may also be presumed, since the defendant's attorney was in possession of the police department inventory prior to trial, that this inventory sheet contained satisfactory answers to the questions left unanswered in *Resketo* and *Scott*. The evidence, therefore, showed the defendant guilty beyond a reasonable doubt of possession of heroin. *People v. Williams, supra.*

■■ Although not raised by the parties in their briefs, defendant's sentence of 90 days in the House of Correction as a condition of probation contravenes specific provisions of the new Unified Code of Corrections which prohibit imprisonment (except "periodic" imprisonment) as a condition of probation. (Ill. Rev. Stat., 1972 Supp., ch. 38, par. 1005—6 —3(d); *People v. Rhinehart,* 11 Ill.App.3d 859, 296 N.E.2d 781.) The judgment of the Circuit Court of Cook County is therefore modified to eliminate the 90-day period of incarceration as a condition of probation and, as modified, is affirmed.

Judgment affirmed as modified.

HAYES, P. J., and DOWNING, J., concur.