THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* CHARLES GRIFFIN, Defendant-Appellant.

(No. 56631; )

First District (4th Division)—March 27, 1974.

Edward M. Genson, of Chicago, for appellant.

Bernard Carey, State's Attorney, of Chicago (Patrick T. Driscoll, Jr. and Fran Baumgart, Assistant State's Attorneys, of counsel), for the People.

Mr. JUSTICE DIERINGER delivered the opinion of the court:

This is an appeal from a judgment entered by the Circuit Court of Cook County. The defendant was indicted for unlawful possession of

heroin. At a bench trial, he was convicted and sentenced to 60 months probation.

The issues presented on appeal are (1) whether the court erred in denying the defendant's motion to suppress evidence; (2) whether the evidence was sufficient to link the heroin found in the police station to the defendant and to confirm the substance found in the police station was the same substance tested at the police laboratory and found to be heroin; and (3) whether the evidence proved the defendant guilty beyond a reasonable doubt.

On January 20, 1970, at approximately 2:30 A.M., Police Officer Edward Moran apprehended three robbery suspects at the Morocco Hotel, 3933 South Drexel, Chicago, Illinois. The suspects were taken to the Twenty-first District station, on the complaint of Willie Smith and Leon Hollis. At the station the robbery suspects were taken to a room to be processed. Complainants Smith and Hollis were told to wait in the station assembly room. Approximately 15 minutes later the defendant, Charles Griffin, entered the station voluntarily to persuade Smith and Hollis not to sign robbery complaints against the suspects. The defendant was directed to the assembly room where the complainants were waiting. Meanwhile, the robbery suspects, while being processed, informed the police the defendant and the two complainants had been carrying and selling narcotics at the same time and place the robbery suspects had been arrested. In consequence of this information, Officer Moran returned to the assembly room and informed Smith, Hollis, and the defendant of the accusations made by the robbery suspects. Officer Moran then requested permission to search the two complainants. At this time the defendant was on the other side of the room and not under custody. During the search of complainant Smith, Officer Moran observed the defendant throw something onto a bench located near him. Officer Moran immediately walked across the room and picked up the object—a crumpled cigarette pack. He examined the pack and found that it contained tin foil packets, which he suspected to be narcotics. Two of these packets contained white powder which Officer Moran field-tested and determined to be heroin. The defendant was then arrested and searched. Later that same day, Officer Moran and Officer Lawrence Mastra transported the tin foil packets to Robert Boes, a chemist at the Chicago Police Laboratory. Mr. Boes ascertained that two of the packets contained heroin. The trial court found the defendant guilty of unlawful possession of heroin and sentenced him to a period of 60 months probation.

The defendant first contends the trial court erred in denying defendant's motion to suppress physical evidence. Defendant maintains where

something has been dropped or thrown away subsequent to an unlawful arrest or detention without probable cause, then whatever is found in proximity to the defendant, which allegedly has been thrown, cannot be used in evidence against him. Defendant argues the cigarette pack was dropped and found subsequent to his unlawful arrest. In support of his contention the defendant cites the decision in *People v. Roebuck* (1962), 25 Ill.2d 108, wherein the supreme court held where a defendant was arrested without probable cause. and threw heroin aside, the discovery of the heroin was a result of the illegal arrest and had to be suppressed.

■■■ We believe the defendant's motion to suppress was properly denied by the trial court. On a motion to suppress material evidence, the burden of proving the evidence was the fruit of improper police activity is upon the defendant. (Ill. Rev. Stat. 1970, ch. 38, § 114-12.) At no time during the hearing on the motion to suppress did the defendant introduce proof that he was searched prior to his attempt to discard the cigarette pack containing heroin. Nor did the defendant offer any proof that at the time he was observed in possession of the heroin he was under arrest. The record indicates the defendant voluntarily walked into the Twenty-first District police station and was directed to the assembly room. When Officer Moran entered the room and informed the defendant and the two complainants of the accusations made by the robbery suspects, the defendant was not under any custody. At the time the defendant was observed discarding the heroin, he was not under arrest. The cigarette pack was in plain and open view on the bench. It is well established that "objects falling in the plain view of an officer who has a right to be in the position to have that view are subject to seizure and may be introduced in evidence." (*Harris v. United States* (1968), 390 U.S. 234.) In *People v. Wright* (1968), 41 Ill.2d 170, 174, the Supreme Court held:

> " '* * * if, without a search and without an unlawful entry into the premises, a contraband article * * * is seen in the premises, the police are not required to close their eyes and need not walk out and leave the article where they saw it.' " (Citations omitted.)

We conclude the heroin seized by Officer Moran in the instant case was properly admissible into evidence, and the defendant's motion to suppress was properly denied.

The defendant next contends the evidence presented by the State was insufficient to link the heroin found in the police station to the defendant and was insufficient to confirm the substance found was the same substance tested at the police laboratory and found to be heroin.

Defendant bases his contention on the decision in *People v. Maurice* (1964), 31 Ill.2d 456, wherein the supreme court reversed a conviction for unlawful possession of narcotics, stating the difficulty was the failure to connect the material analyzed by the chemist with the same packets connected with the defendant. The defendant further cites *People v. Resketo* (1972), 3 Ill.App.3d 633, where the court reversed a conviction for possession of stimulants on the ground there was no evidence to verify the substance found by the arresting officer was the same material which was subjected to chemical tests.

■■ We believe the chain of possession was established to link the heroin found in the police station to the defendant. We further believe the evidence was sufficient to prove the heroin found in the station was the same substance tested at the laboratory. The law is well established that an accused may, by stipulation, waive the necessity of proof of all or part of the case which the People have alleged against him. Having done so, he cannot complain of the evidence which he has stipulated into the record. (*People v. Polk* (1960), 19 Ill.2d 310.) In the instant case the defendant stipulated at trial that:

> "Robert Boes is a qualified chemist and is qualified to render an opinion of the items that he tested in the Chicago Police Department, and on January 20, 1970, Officer Mastra of the 21st District, submitted ten foil packets to him; two were tested and two of them were found to contain unknown powder which was subjected to various chemical tests and found to contain 1.37 grams in one and the other contained 1.31 grams of diacetyl morphine hydrachloride, commonly referred to as heroin."

Subsequently, Officer Moran testified:

> "A. At that time I observed Charles Griffin [who] was on the other side of the room throw something on[to] the bench.
>
> \* \* \*
>
> A. I picked it up, examined the pack and found some ten foil packets in it.
>
> Q. And are those the same ten tinfoil packages that you and Officer Mastra transferred to the Chicago Police Laboratory?
>
> A. That's correct.
>
> Q. And are those the same tinfoil packages that we have stipulated to?
>
> A. That's correct."

The State's testimony, along with the stipulation, established the necessary chain of possession. (*People v. Judkins* (1957), 10 Ill.2d 445.) The cases cited by the defendant are distinguished from the case at bar. In *Resketo* there was a complete lack of identification of the substance sub-

mitted for testing and the State made erroneous statements as to the identification number of substances entered into evidence. In the instant case, the substance was positively identified by the police laboratory chemist, and his test was stipulated to by the defendant. In *Maurice* the parties stipulated one police officer would testify that he obtained the evidence from the defendant and the chemist would testify he received a packet of heroin from another officer. In the present case, Officer Moran testified the substance he recovered was the same substance he and Officer Mastra brought to the laboratory. We conclude the heroin stipulated to at trial was the same substance recovered from the defendant and analyzed by the police chemist.

The defendant finally contends he was not proven guilty beyond a reasonable doubt. In support of his contention the defendant cites numerous cases wherein the court found the evidence to be insufficient to establish a conviction.

■■■ The defendant's contention is without merit. To support a conviction of unlawful possession of narcotic drugs the State must prove the accused had knowledge of the presence of the narcotics and they were in his immediate possession and control. Such knowledge may be proved by evidence of acts or conduct of the accused from which the inference may be fairly drawn that he knew of the existence of the narcotics at the place where they were found. (*People v. Smith* (1960), 20 Ill.2d 345.) In the instant case, Officer Moran testified he saw the defendant attempt to discard a cigarette pack which was subsequently ascertained to contain heroin. The credibility of Officer Moran's testimony was for the trial court to decide, and its judgment will not be disturbed upon review unless the evidence is so improbable or unsatisfactory as to create a reasonable doubt of the defendant's guilt. (*People v. Arndt* (1972), 50 Ill.2d 390.) In *People v. Richardson* (1961), 21 Ill.2d 435, police officers observed the defendant throw something out of an automobile. The object was retrieved by the police a few feet from where the defendant was then standing and found to be a cigarette package with two small envelopes containing heroin. The supreme court in affirming the conviction held:

> "[W]e cannot say as a matter of law that the evidence here is insufficient to support the conviction of the defendant. There is nothing in the record that reflects unfavorably upon the credibility of the two officers who testified. If the [trier of fact] believed their testimony, there is no room for a reasonable doubt that the defendant is guilty."

The evidence presented in the case at bar was sufficient to prove the defendant guilty beyond a reasonable doubt.

For the reasons stated herein, the judgment of the Circuit Court of Cook County is affirmed.

Affirmed.

ADESKO, P. J., and JOHNSON, J., concur.