THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* VINCENT F. SINISI, Defendant-Appellant.

First District (3rd Division)   No. 77-646, 77-647 cons.

Opinion filed February 22, 1978.

Leon E. Holt, of Harvey, for appellant.

Bernard Carey, State's Attorney, of Chicago (Lee T. Hettinger and James S. Veldman, Assistant State's Attorneys, of counsel), for the People.

Miss JUSTICE McGILLICUDDY delivered the opinion of the court:

Vincent F. Sinisi, the defendant, brings these consolidated appeals from two convictions involving his improper operation of a motor vehicle. Cause 77-646 involves a traffic complaint which charged the defendant with disobeying a red light in violation of a City of Chicago ordinance. (Chicago Municipal Code, ch. 27, par. 202(e)(1).) Cause 77-647 involves a traffic complaint which charged him with an apparently connected offense in violation of section 11—501 of the Illinois Vehicle Code but which failed to describe the nature of the offense thus charged. (Ill. Rev. Stat. 1975, ch. 95½, par. 11—501.) After a bench trial the defendant was found guilty of both offenses and fined $10 on the charge brought under the Chicago Municipal Code and $100 on the charge brought under the Illinois Vehicle Code.

The defendant challenges the sufficiency of the complaint brought under the Illinois Vehicle Code on the ground that it named only the section of the code allegedly violated, but failed to describe the nature of such offense. He also contends that the trial court erred in failing to grant a continuance when he appeared for trial without his counsel or to appoint counsel to represent him at trial.

The record discloses that the complaint brought under the Illinois Vehicle Code charged the defendant with violating section 11—501 of the code but failed to describe the nature of that offense. Section 11—501 relates to the operation of a motor vehicle by a person while under the influence of intoxicating liquor, while under the influence of a narcotic or other drug, or by a habitual user of a narcotic drug. (Ill. Rev. Stat. 1975, ch. 95½, pars. 11—501(a) and (b).) The complaint in question failed to specify in which of these regards the defendant violated the statute. The record also discloses that a motion in arrest of judgment was filed by the defendant counsel which sought to set aside the judgment entered on this complaint for the reason now advanced by the defendant. The motion was denied. This question was presented for the first time at trial, which was not the circumstance in *People v. Rege* (1976), 64 Ill. 2d 473, 356 N.E.2d 537. In *Rege*, the supreme court expressly stated it need not determine whether the charge there challenged could withstand a pretrial motion to dismiss or a post-trial motion in arrest of judgment for failure to state an offense since the question was first raised on appeal.

In *People v. Tucker* (1971), 131 Ill. App. 2d 598, 268 N.E.2d 191, this court was presented with a question of whether a complaint charging the defendant with operating a motor vehicle on the public highway by "driving under the influence" properly stated a charge for the operation of

a vehicle while under the influence of intoxicating liquor. Quoting from *People v. Stringfield* (1962), 37 Ill. App. 2d 344, 185 N.E.2d 381, the court held the charge to be void and reversed the conviction on the ground that the words "driving under the influence" failed to describe either the offense of driving under the influence of intoxicating liquor or that of driving under the influence of narcotic drugs as proscribed by the statute there involved. And in *People v. Griffin* (1967), 36 Ill. 2d 430, 223 N.E.2d 158, the supreme court held that a charge of "reckless driving" contained in a complaint was insufficient to advise the defendant whether he was charged with driving with excessive speed, proceeding through successive red lights, or the like, and reversed the judgment predicated upon such charge.

■■ The complaint in Number 77-647 fails to specify the nature of the charge against the defendant and is therefore void for failure to properly advise him of the charge against him. *People v. Tucker.*

The record on this appeal consists solely of the common law record, and contains no transcript of proceedings as required by Supreme Court Rules 321 and 323(a) where such report is necessary to the disposition of the issues raised on the appeal. (Ill. Rev. Stat. 1975, ch. 110A, pars. 321 and 323(a).) Nor does the record contain a bystanders report of proceedings or an agreed statement of facts as permitted by Supreme Court Rules 323(c) and (d) where a verbatim report of proceedings is otherwise unavailable. Ill. Rev. Stat. 1975, ch. 110A, pars. 323(c) and (d).

The record discloses that the defendant was released on bond and represented by private counsel the same day he was charged with these offenses. Between that date and the day of trial, the defendant, through his counsel, secured four of the six continuances ordered by the court. The record also discloses that the defendant was represented by counsel on the day of trial, that he entered a plea of not guilty and waived trial by jury, and that trial was had before the court. Subsequent to the entry of the judgments in these cases, the defendant's counsel filed a verified motion for a new trial in addition to his verified motion in arrest of judgment, noted above.

The motion for a new trial, which forms the basis for the defendant's second contention on this appeal, recited in pertinent part that defense counsel, or his associate, appeared in court on the defendant's behalf several times prior to trial; that on the date of trial, counsel was required to appear before another judge in another case; that the defendant personally appeared for trial and advised the court that his counsel was not present; that the court advised the defendant to determine counsel's whereabouts, and that the defendant then learned from counsel's office that counsel would appear for trial and the defendant so informed the court. The motion further recited that the court nevertheless proceeded to

trial on these charges without the defendant having the benefit of counsel, and that defense counsel appeared in court later that same day, explained to the court the reason for his absence and requested a new trial in the matter. The motion concluded that such procedure deprived the defendant of his constitutional rights.

■■ It is established that the party challenging a judgment on appeal has the responsibility of properly preserving the record to enable the reviewing court to resolve the questions raised. (*People v. Fochs* (1976), 40 Ill. App. 3d 966, 353 N.E.2d 326.) Apart from the assertions by defense counsel in his motion for a new trial, the record on this appeal is void of any support for the contention that the defendant was improperly denied representation of counsel at the trial. Assertions in an appellant's brief or in his post-trial motion cannot substitute for a proper record relating to the matters complained of on appeal. (*People v. MacRae* (1977), 47 Ill. App. 3d 302, 361 N.E.2d 685.) The trial court record imports verity, and it cannot be impeached, contradicted or amended except by reason of other matters appearing of record. *People v. Gayles* (1962), 24 Ill. 2d 242, 181 N.E.2d 83.

■■ The record before this court demonstrates that on the date of trial, the defendant was represented by counsel, entered a plea of not guilty and waived trial by jury, and was thereafter found guilty of both offenses after a trial before the court. The record in no manner reflects a request by the defendant for a continuance to have his counsel present nor for appointment of other counsel for the purposes of trial, nor does the record disclose that the defendant's counsel was not present during trial. As noted, we will not consider the assertions made in the post-trial motions (*People v. MacRae*). Since the defendant has failed to support his claim of improper deprivation of counsel by a complete and proper record, we conclude that his contention in this regard is without merit.

The judgment of the Circuit Court of Cook County is affirmed in cause No. 77-646 and reversed in cause No. 77-647.

Affirmed as to cause No. 77-646; reversed as to cause No. 77-647.

JIGANTI, P. J., and SIMON, J., concur.