(No. 42535.—

THE PEOPLE OF THE STATE OF ILLINOIS, Appellee, *vs.* JOHN LEE IKERD, Appellant.

*Opinion filed December 4, 1970.*

ALAN H. SWANSON and THOMAS W. SCHEUNEMAN, both of Chicago and appointed by the court, for appellant.

WILLIAM J. SCOTT, Attorney General, of Springfield, and EDWARD V. HANRAHAN, State's Attorney, of Chicago, (JAMES B. ZAGEL, Assistant Attorney General, and ROBERT A. NOVELLE and PAUL P. BIEBEL, JR., Assistant State's Attorneys, of counsel,) for the People.

Mr. JUSTICE BURT delivered the opinion of the court:

The defendant, John Ikerd, along with James Stuckey, was convicted of armed robbery in a jury trial in the circuit court of Cook County, and sentenced to the Illinois State Penitentiary for a term of from 20 years to life. His conviction was affirmed by this court. (*People* v. *Ikerd,* 26 Ill.2d 573.) A subsequent petition for post-conviction review was dismissed on the State's motion. On appeal of this dismissal this court remanded the cause for a new post-conviction hearing under the authority of *People* v. *Smith,* 37 Ill.2d 622, since the public defender had represented the defendant both at trial and at the post-conviction hearing, and a question of the competence of the trial counsel was raised by the defendant. A new post-conviction hearing was held, and the defendant's petition was again dismissed on the State's motion. It is this dismissal that is presently being appealed by the defendant.

The defendant's first point of contention is that he was denied effective cross-examination of witnesses. This argument is founded on testimony of a police officer as to an oral confession of a co-defendant which implicated Ikerd.

Although this case was heard on appeal to this court, (*People* v. *Ikerd*), the doctrine of *res judicata* does not bar this issue from being decided on the merits. The strict application of *res judicata* has been relaxed where fundamental fairness dictates otherwise, as here, where the right relied on has been recognized for the first time after the direct appeal. (*People* v. *Strader,* 38 Ill.2d 93.) The principal case on which the defendant relies is *Bruton* v. *United*

*States* (1968), 391 U.S. 123, 20 L. Ed. 2d 476, 88 S. Ct. 1620. It was held to apply retroactively in *Roberts* v. *Russell* (1968), 392 U.S. 293, 20 L. Ed. 2d 1100, 88 S. Ct. 1921. The case at bar was heard on direct appeal in 1963.

In *Bruton* the United States Supreme Court held that testimony as to a confession of a co-defendant, which implicated the defendant, denied defendant his right to cross-examine as guaranteed by the sixth amendment since the co-defendant, who had allegedly confessed, did not take the stand. In the case at bar, the co-defendant who had allegedly made the confession did take the stand and denied ever having made such confession. We have distinguished precisely this fact situation from *Bruton* on the basis that the co-defendant made such a denial of the confession on the stand. (*People* v. *Somerville,* 42 Ill.2d 1.) In *Somerville* (p. 7) we stated that because of this denial by the co-defendant that the defendants "* * * were not subjected to the risk of extra-judicial inculpating statements of the co-defendant, or deprived of any right of confrontation or cross-examination, as involved in *Bruton.*"

The first issue to be considered in reference to the competency of the defendant's counsel is whether the counsel improperly failed to request a severance, given the inculpatory statements of a co-defendant. This did not amount to ineffective assistance of counsel since, as was previously pointed out, these statements were admissible against the defendant. Since there was no violation of the *Bruton* mandate, the defendant was not prejudiced by the failure to request a severance.

In the same respect, the defendant's allegation of incompetency on the part of his attorney, for failure to seek an instruction that the jury should consider the testimony as to the oral confession of a co-defendant only with respect to that co-defendant, is unfounded. The defendant would not be entitled to such an instruction even if sought, because

the evidence is admissible against the defendant, as he is considered to have had an opportunity to confront the co-defendant when that defendant took the stand and denied ever having made such a confession. (*People* v. *Somerville*.) Defendant here seeks to distinguish *Somerville* on the basis that in *Somerville* an instruction was given to the jury that the testimony containing the confession in question was not being considered against any defendant but the one who was purported to have made the confession, whereas in the case at hand no such instruction was given. This distinction has no merit since this court in deciding *Somerville* did not base its decision upon that instruction but only upon the conclusion that the right of confrontation or cross-examination had not been denied the defendant. Since the defendant was considered to have had the right of cross-examination, the evidence was properly admissible against him, and he was not entitled to such an instruction.

The defendant next raises several other points including claims of unlawful search and seizure, denial of fair trial and denial of effective counsel at trial and on appeal. *Res judicata* bars most of these claims, in that the defendant either raised or failed to raise these issues during his trial or on appeal. *People* v. *Kamsler*, 40 Ill.2d 532, 533; *People* v. *Collins*, 39 Ill.2d 286, 289; *People* v. *Somerville*, 42 Ill.2d 1; *People* v. *McCracken*, 43 Ill.2d 153.

As to the claim of incompetence of counsel, the duties of counsel are outlined in *People* v. *Harper*, 43 Ill.2d 368. We have examined the record and do not find any reason to criticize his conduct. The objections now raised by defendant have been considered and are without merit.

*Judgment affirmed.*