THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* CHARLES DENNIS, Defendant-Appellant.

(No. 56988; )

First District (5th Division)—September 14, 1973.

James J. Doherty, Public Defender, of Chicago, (John T. Moran, Jr., Assistant Public Defender, of counsel,) for appellant.

Edward V. Hanrahan, State's Attorney, of Chicago, (Elmer C. Kissane, Ricky Petrone, and Mrs. Patricia Bobb, Assistant State's Attorneys, of counsel,) for the People.

Mr. PRESIDING JUSTICE DRUCKER delivered the opinion of the court:

Defendant Charles Dennis was found guilty, after a jury trial, of armed robbery and sentenced to imprisonment in the penitentiary for a period of not less than 40 nor more than 80 years. The conviction was upheld on direct review in *People v. Dennis,* 47 Ill.2d 120, 265 N.E.2d

385. On April 20, 1971, he filed a post-conviction petition alleging that the sentence imposed was a punishment for his having exercised his constitutional right to a trial by jury and requesting that the trial judge recuse himself from ruling on the petition. The petition was supported by an affidavit of his trial attorney that a two to four year sentence offer had been made. On June 23, 1971, the petition was dismissed, without an evidentiary hearing, for failure to show "deprivation of any constitutional rights or safeguards guaranteed to" the defendant.

On appeal defendant claims that (1) the allegation that his sentence was punishment for refusal to plead guilty alleged the deprivation of a substantial constitutional right, and (2) the trial judge should have recused himself because he was a material witness to his allegation.

The State argues that the direct review of the conviction is res judicata of issues raised in the petition.

The facts of this case are set out in detail in the 16 page opinion of the Illinois Supreme Court which accompanied the motion to dismiss. The evidence showed the defendant to be one of three persons who, with the help of a sawed-off shotgun, robbed a Chicago cab driver. One co-defendant pled guilty and was placed on probation for five years, and the charge against the other co-defendant was "nolle prossed." The record indicated that the key allegation of the petition was the following:

> "4. That viewing the above set out facts, must lead a resonable [*sic*] person to the logical conclusion that the grossly excessive sentence was imposed because petitioner chose to exercise his constitutionally guaranteed right to a trial by jury."

*Opinion*

■■ The State concedes that "a sentence which is a punishment for exercising the right to a trial by a jury is a constitutional deprivation" (see *People v. Moriarity*, 25 Ill.2d 565, 185 N.E.2d 688) but argues that the question was waived by petitioner's failure to raise it on direct appeal. It cites *People v. Derengowski*, 44 Ill.2d 476, 479, 256 N.E.2d 455, wherein the court stated:

> "[I]t is not within the view of the Act to have claims determined which could have been presented upon a direct review of the conviction (*People v. Doherty*, 36 Ill.2d 286), and to this end we have consistently held that when an appeal is taken, as it was in this case, the judgment of the reviewing court is res judicata not only as to all issues actually raised, but also as to those issues which could have been raised but were not, the latter issues being deemed to have been waived."

■■ However, where fundamental fairness requires it, the rule of

waiver will be relaxed. (*People v. Hamby*, 32 Ill.2d 291, 294, 205 N.E.2d 456.) In the case at bar the precise issue raised by the post-conviction petition was not considered by the Illinois Supreme Court in its opinion. (*People v. Dennis*, 47 Ill.2d 120, 265 N.E.2d 385.) Moreover, the allegations made by petitioner can be proven only by facts (if they do exist) outside the record, and therefore the issue could not have been raised on direct review. The affidavit of defendant's trial counsel indicates that Judge Holzer represented "that he would impose a sentence of two to four years, State Penitentiary, if petitioner would enter a plea of guilty to both indictments," and that the two Assistant State's Attorneys said they would recommend a sentence of two to five years. We therefore believe that the issue now raised is not barred by the waiver rule.

■■ The allegations in the petition along with the fair inferences to be drawn therefrom and the supporting affidavits sufficiently raise the issue of whether the petitioner was denied a constitutional right. Therefore, the judgment is reversed and the cause is remanded with directions to conduct an evidentiary hearing. We agree with petitioner that the hearing should be conducted by a judge other than Judge Holzer whose testimony will likely be required at the hearing. See *People v. Jones*, 7 Ill.App.3d 146, 148, 287 N.E.2d 227.

The judgment of the circuit court of Cook County is reversed and the case remanded for an evidentiary hearing on the petition.

Reversed and remanded with directions.

LORENZ and SULLIVAN, JJ., concur.