THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* GEORGE H. HEALEY, JR., Defendant-Appellant.

(No. 72-179;

Second District—October 11, 1974.

*Rehearing denied November 7, 1974.*

William H. Snively, of Rockford, for appellant.

John J. Bowman, State's Attorney, of Wheaton, for the People.

Mr. JUSTICE GUILD delivered the opinion of the court:

The defendant, George H. Healey, Jr., entered a plea of guilty to the offense of murder on January 12, 1970. He was sentenced for a term of

40 to 75 years. He appealed the conviction to this court on the sole issue of the excessiveness of sentence and the sentence was affirmed. (*People v. Healey* (1971), 132 Ill.App.2d 190, 267 N.E.2d 753.) During the appeal the defendant filed a *pro se* petition for post-conviction relief which was later amended by court-appointed counsel. Following an evidentiary hearing, the trial court held that the amended petition for post-conviction relief should be denied. It is from this order that petitioner now appeals.

On this appeal the defendant contends that the trial court in the post-conviction hearing erred in finding that (1) defendant waived his rights with respect to all matters presented in his post-conviction petition which should have been raised on appeal; (2) trial counsel was competent; (3) defendant was competent to stand trial, and (4) the guilty plea was not coerced. In addition, defendant asserts that if this court finds a waiver of rights by operation of the direct appeal, then appeal counsel was incompetent for failing to raise all issues on appeal.

In our opinion, however, we need only consider two issues on this appeal. First, did the trial court err in its finding that the defendant waived his rights with respect to all matters presented in his post-conviction petition which should have been raised on direct appeal? Second, was appellate counsel incompetent?

■■ Relief under the Post Conviction Hearing Act (Ill. Rev. Stat. 1971, ch. 38, pars. 122—1 through 122—7) is clearly limited to a consideration of errors made at trial which result in conviction and are a substantial denial of petitioner's constitutional rights. (*People v. Shaw* (1971), 49 Ill.2d 309, 273 N.E.2d 816.) It is not designed as a means by which to retry the question of defendant's guilt or innocence. In addition, when review is obtained by a direct appeal, the judgment of the reviewing court is res judicata not only as to those issues actually raised on appeal but also as to those issues which could have been raised but were not. (*People v. Weaver* (1970), 45 Ill.2d 136, 256 N.E.2d 816.) Where fundamental fairness requires, strict application of the doctrine of res judicata in the context of a post-conviction hearing will be relaxed when there is a showing that the failure to raise certain issues was due to incompetency of counsel, or other causes beyond the defendant's control. See *People v. McCracken* (1969), 43 Ill.2d 153, 251 N.E.2d 212.

■■ Applying these principles to the instant case, as indicated above the defendant appealed his conviction to this court on the sole issue of the excessiveness of sentence. On appeal, the defendant could have raised those issues which were not waived by operation of his guilty plea. By limiting his appeal to a single issue the defendant thereby

waived his right to later assert deprivations of constitutional rights which might have been presented on appeal. Since the defendant was represented on direct appeal by different appointed counsel than had represented him at trial, the appeal also waived the right to later assert incompetency of trial counsel. Thus, in the absence of a showing of causes beyond defendant's control which prevented the assertion of these issues on direct appeal, they were waived by operation of the appeal.

■■■ Defendant also asserts that if this court finds a waiver of rights by operation of his direct appeal, then his first appellate counsel was incompetent for failing to raise all issues on direct appeal. The issue of the incompetency of appellate counsel was not raised in the amended post-conviction petition. In this case the same member of the District Defender Project from the Second District who handled the direct appeal also filed the amended post-conviction petition. Following the filing of the amended post-conviction petition, appointed counsel withdrew and a member of the District Defender Project from the Third District was appointed. This counsel apparently felt that he could not assert the incompetency of a member of his office (but from another district) on a post-conviction hearing. Following the ruling on his amended petition for post-conviction relief defendant moved for a substitution of his second appointed post-conviction counsel. This motion was granted and the attorney representing the defendant on this appeal was appointed. In such circumstances it would be unjust for us to refuse to consider the issue of incompetency of appeal counsel. In this connection, the Supreme Court of Illinois has stated that:

> "In view of the need to protect the right to appeal with the aid of competent counsel, and upon appraisal of the spirit and ultimate purpose of the Post-Conviction Hearing Act, we conclude that the Act provides a proper vehicle for review of those issues as to which review by direct appeal has been unconstitutionally denied by deprivation of the right to appeal, the right to competent counsel on appeal, or the concept of fundamental fairness." *People v. Frank* (1971), 48 Ill.2d 500, 504, 272 N.E.2d 25, 27.

With regard to the standard to be applied to determine the competency of appellate counsel for purposes of post-conviction relief, the court went on to state:

> "We recognize no obligation of appointed counsel to brief every conceivable issue on appeal. It is not incompetence for counsel to refrain from raising those issues which in his judgment are without merit, unless his appraisal of the merits is patently wrong." (Citations omitted.) (48 Ill.2d at 505, 272 N.E.2d at 28.)

Whether or not appellate counsel was incompetent is a question properly cognizable in a post-conviction proceeding. See, *e.g., People v. Savage* (1972), 8 Ill.App.3d 162, 289 N.E.2d 460.

Defendant has failed to allege facts or authority upon which this court may determine whether appellate counsel was incompetent, aside from the general allegation that if we find that defendant, through his counsel, by raising only the one issue of excessive sentence in his direct appeal, thereby waived other possible issues, then we should find his first appellate counsel incompetent. This, in turn, defendant contends, would thereby deprive him of his constitutional rights. Clearly, the mere fact that some rights have been waived by failure to appeal certain issues does not in itself establish incompetency of appellate counsel. We must judge the acts of appellate counsel to determine whether any issue not raised on appeal was so patently meritorious that the failure to raise it constitutes incompetency.

Appellate counsel was faced with a client who had pled guilty to a particularly violent and brutal murder of his wife. Dr. Hans E. Dolz, who performed the autopsy on the body of the victim, testified that the victim had died of multiple skull fractures, contusions of the brain, brain hemorrhage and internal bleeding caused by a gunshot wound through the upper abdomen and liver. It was the doctor's opinion that the victim was struck by the killer with a minimum of ten blows in order to inflict the injuries received. The killing was accomplished in full view of a neighbor of the Healey's, Lynette Dussault, who testified to that effect. The defendant's guilty plea was entered after the court indicated that it would refuse a voluntary manslaughter instruction and after the court sustained an objection to a hypothetical question which would have raised the defense of insanity. The plea was accepted by the court following a careful interrogation of the defendant in regard to the consequences of his plea. See Ill. Rev. Stat. 1969, ch. 110A, par. 401b.

■■ Defendant contends that the trial court erred in failing to order a competency hearing sua sponte and that if the issue of defendant's competency was waived by appeal, that appellate counsel was incompetent for failure to raise it on appeal. Our review of the record indicates that prior to accepting a guilty plea the trial judge had before him the reports of three psychiatrists which all indicated that the defendant was sane and/or competent to stand trial. The court did not order a competency hearing to be held, and in our view this decision was correct. Clearly, the decision to not appeal on this issue was not "patently wrong."

■■ Defendant next contends that the issue of whether his plea was coerced should have been appealed. A full review of the record reveals

that upon entry of the plea, the trial judge explained the charge, the possible sentence, and the fact that he was abandoning his right to a jury determination of guilt or innocence. The post-conviction hearing judge found that the plea was not the product of coercion and that it was made knowingly and intelligently by the defendant. Defendant contends that it was error to not advise him of the effect of his guilty plea upon his appeal rights at the time of acceptance of the plea. In support of this contention, defendant has cited *People v. Phelps* (1972), 51 Ill. 2d 35, 280 N.E.2d 203, and Supreme Court Rule 605 (Ill. Rev. Stat. 1969, ch. 110A, par. 605). In reading the authorities cited and independent research we find no support for the position asserted. The remainder of defendant's argument on this point is conclusionary and does not support a finding of incompetency of appellate counsel for failing to appeal the issue of purported coercion of his guilty plea.

▮▮ Finally, defendant asserts that his trial counsel was incompetent and that if we find that this issue was waived by direct appeal, then appellate counsel was incompetent for failing to raise it on appeal. In *People v. Morris* (1954), 3 Ill.2d 437, 449, 121 N.E.2d 810, 817, the supreme court stated that in order for a defendant to establish incompetent representation by appointed counsel he must show:

> "* * * (1) actual incompetency of counsel, as reflected by the manner of carrying out his duties as a trial attorney; and (2) substantial prejudice resulting therefrom, without which the outcome would probably have been different."

(See also *People v. Dudley* (1970), 46 Ill.2d 305, 263 N.E.2d 1, and *People v. Georgev* (1967), 38 Ill.2d 165, 230 N.E.2d 851.) Defendant contends that the factors to be considered are the manner in which counsel carried out his duties with regard to the defendant's competency and the voluntary manslaughter issues and the manner in which advice was given at the time of the entry of the guilty plea. He further alleges that had counsel performed differently the outcome of the trial would probably have been different. With regard to the competency issue, defendant contends that trial counsel was incompetent for failing to request a competency hearing. The supreme court has considered this contention in *People v. Skorusa* (1973), 55 Ill.2d 577, 584, 304 N.E.2d 630. The court there stated:

> "The only evidence relied on by the defendant to prove incompetence of counsel is his counsel's failure to request a competency hearing. However, as we noted in *People v. Russo*, 52 Ill.2d 425, the mere authorization by the court of a psychiatric examination does not mean that the subsequent failure of counsel to request a

·competency hearing amounts to incompetent representation. This is particularly true where, as here, the Behavior Clinic report concludes that the defendant is able to co-operate."

It is to be noted that in the case before us the defendant not only co-operated with counsel at his trial, but counselled with and advised counsel as to his defense. In addition, since we have already determined that no bona fide doubt existed as to defendant's competency, no substantial prejudice resulted to defendant from the failure of counsel to request a competency hearing. Thus, it cannot be said that the failure of trial counsel to request a competency hearing denied defendant the effective assistance of counsel. As to the allegation of improper advice at the time the change of plea was discussed, defendant asserts that he was assured by counsel that the psychiatric testimony and manslaughter instruction issues would not be waived by a plea of guilty. Our review of the record leads to the conclusion that even if this advice was erroneous it was harmless and did not result in substantial prejudice to defendant's rights since the proof of defendant's guilt was overwhelming. The validity of the plea is unaffected by this advice. See *McMann v. Richardson* (1970), 397 U.S. 759, 25 L.Ed.2d 763, 90 S.Ct. 1441.) Defendant's position on these issues is without merit. Thus, we find that defendant has failed to establish the incompetency of trial counsel. It therefore follows that appellate counsel was not incompetent for failing to raise this issue on appeal.

■■ It may be noted at this point that notwithstanding the fact that various assertions of error were not raised on direct appeal, they *were* raised in the trial court in the post-conviction hearing. The judge presiding took evidence on these issues and following a full hearing found them to be without merit. On appeal, we shall not disturb these findings unless they appear contrary to the manifest weight of the evidence. Our review of the evidence finds the determination of the trial judge to be substantially supported by the evidence.

· Since we find that defendant waived certain of his rights by the direct appeal and since we find that appellate counsel was not incompetent for failing to raise these issues on appeal, we affirm the judgment of the circuit court dismissing defendant's amended post-conviction petition. ··

Affirmed.

T. MORAN, P. J., and SEIDENFELD, J., concur.