THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.*
DAVID GOINS, Defendant-Appellant.

First District (5th Division)    No. 80-0252

Opinion filed December 18, 1981.—Rehearing denied January 25, 1982.

James J. Doherty, Public Defender, of Chicago (John Lanahan, Assistant Public Defender, of counsel), for appellant.

Richard M. Daley, State's Attorney, of Chicago (Marcia B. Orr, Adrienne Noble Nacev, and Alexander Vroustouris, Assistant State's Attorneys, of counsel), for the People.

JUSTICE WILSON delivered the opinion of the court:

Defendant, David P. Goins, was found guilty of murder and sentenced to the penitentiary for 25 to 50 years. While his appeal from that judgment was pending, he filed a petition for post-conviction relief in the trial court. The trial court dismissed the petition on the basis that the issues contained therein had been waived by defendant's failure to raise them

during the trial. Further, the court rejected his argument that defense counsel had inadequately represented him. An appeal was taken from the dismissal of the post-conviction petition, and we consolidated that appeal with the direct appeal. Subsequently, we affirmed the murder conviction and sentence in an unpublished order pursuant to Supreme Court Rule 23 (Ill. Rev. Stat. 1977, ch. 110A, par. 23), noting that because the post-conviction appeal was not ready for consideration, we would sever the direct appeal for separate consideration. The Rule 23 order also stated that "[n]o procedural question, which might have arisen from separate appeals, will affect the resolution of the post-conviction matter." In the pending appeal, we are limited to considering whether the trial court erred in dismissing defendant's petition for an evidentiary hearing pursuant to the Post-Conviction Hearing Act (Ill. Rev. Stat. 1979, ch. 38, par. 122—1 *et seq.*). We affirm the trial court. The pertinent facts follow.

On April 5, 1977, four men wearing ski masks and carrying guns robbed a grocery store and killed the owner. A 13-year-old girl saw the men's faces when they lifted their masks and later identified defendant as one of the offenders. The men left the scene of the crime in a yellow automobile with a damaged driver's side. Investigating officers found a car that matched the description and spoke to the owner of the automobile, who indicated that defendant had borrowed it from him. Later that day, officers went to defendant's home and took him into custody. Following several sessions of questioning, defendant confessed to his participation in the crime.

Before trial, defendant moved the court to suppress his confession as being coerced and to suppress the lineup identification evidence. Following hearings on each motion, the trial court denied them. The court found from the evidence that defendant had not been physically abused during his interrogations and had voluntarily given his statement. Further, the court held that defendant had been fully advised of his *Miranda* rights and knowingly and voluntarily waived them.

On January 30, 1978, the court granted defendant's motion for a mistrial and the case was transferred to another judge. Defendant waived his right to a jury trial. The trial then proceeded, during which defendant renewed his motion to suppress the confession. Again, it was denied and the statement was received into evidence.

After closing arguments, the trial court found defendant guilty and held that the armed robbery offense had merged into the murder charge. Defendant elected to be sentenced under the old statute and, following the sentencing hearing, received a prison term of 25 to 50 years.

Defendant then filed his direct appeal, challenging only the length of the sentence. Subsequently, he filed a petition for post-conviction relief in the trial court. At a hearing, defendant's new counsel, from the public

defender's office, explained to the court that an evidentiary hearing was necessary because certain facts were not in the record and thus would not be available for the appellate court's consideration. The petition set out three major bases to attack the conviction: (1) defendant was illegally arrested on a traffic warrant issued for the arrest of a David P. Goins who was not defendant; (2) the police acted in bad faith by purportedly detaining him on a minor traffic offense but in reality detaining and interrogating him on the murder charge; (3) apart from the defective warrant, police did not have probable cause to arrest defendant in his home on the murder charge because the informant whose tip led police to him was, as owner of the getaway car, unreliable. The trial court held that these alleged constitutional violations were all matters which should have been raised at trial and were therefore waived. The defense counsel then raised the additional issue of trial counsel's alleged incompetence in failing to challenge the arrest, which led to defendant's conviction. After the parties argued authorities, the court dismissed the petition for an evidentiary hearing under the Act.

OPINION

■■ The dispositive issue in this appeal is whether the post-conviction issues have been waived by defendant's failure to raise them at trial or on the direct appeal. Relief under the Post-Conviction Hearing Act is limited to consideration of trial errors that result in conviction and constitute a substantial denial of petitioner's constitutional rights. (*People v. Healey* (1974), 23 Ill. App. 3d 214, 318 N.E.2d 89.) Failure to raise these constitutional deprivations on the direct appeal generally operates as a waiver. (*People v. Pierce* (1977), 50 Ill. App. 3d 525, 365 N.E.2d 988.) Hence, the judgment of the reviewing court on the direct appeal is *res judicata* as to all matters that were or could have been raised at that time. (*People v. Healey.*) Strict application of the *res judicata* doctrine is relaxed only in certain circumstances, where fundamental fairness so requires. (See *People v. Ikerd* (1970), 47 Ill. 2d 211, 265 N.E.2d 120 (*res judicata* did not apply to bar post-conviction relief where the constitutional right petitioner relied on was recognized for the first time following disposition of petitioner's direct appeal).) It has also been held that the *res judicata* bar does not apply if the matters relied on are outside the record and therefore could not have been considered on direct review. *People v. Dennis* (1973), 14 Ill. App. 3d 493, 302 N.E.2d 651.

It is the latter principle that defendant relies on to avoid the waiver/ *res judicata* bar to his post-conviction claims. Initially, he argues that the pertinent facts were not in the record and thus could not have been considered on the direct appeal. These facts, he contends, would tend to prove that his arrest was based on a defective traffic warrant rather than

probable cause. Further, defendant, argues that to the extent trial counsel failed to challenge the arrest and preserve this issue for appeal, defendant's sixth amendment right to effective assistance of counsel was violated.

■■ We reject defendant's position. Regarding the alleged fourth amendment violation, we first note that the traffic warrant naming a David P. Goins was in the common law record of the trial transcript. Defendant's post-conviction affidavit that he never lived at the address listed on the warrant might indicate that the David P. Goins listed therein was someone other than defendant, but that is a matter that trial counsel could easily have ascertained by questioning his client. It is not a fact that was unavailable at trial. Similarly, the documents in support of the post-conviction petition which indicate that the parking tickets (upon which the arrest warrant was based) were issued in 1973 and 1974, when defendant was 13 and 14 years old, could have been discovered through pretrial investigation. We conclude that the validity of the arrest warrant cannot be collaterally attacked through this appeal and is waived.

Consonant with this reasoning, we also reject defendant's second basis of challenging his arrest, that the police officers lacked probable cause to arrest him in his home and to question him about the armed robbery and murder when he was ostensibly led to believe that he was to be questioned about an automobile accident. Defendant offers documents, taken from police files, which indicate that the owner of the getaway car, Willie Willis, was included in a police lineup on April 6, 1977. From this, defendant infers that he was also a suspect in the crime, and thus he could not be considered a reliable informant. Accordingly, since the police lacked a valid arrest warrant and could not base their arrest on information obtained from Willie Willis, they had no legal grounds to take him into custody. We need not analyze the merits of the probable cause issue, however, because we have noted that the facts pertinent to the arrest were available to defendant at trial. Counsel's failure to make a motion to quash the arrest, therefore, operated as a waiver of this issue.

The second related post-conviction issue concerns defendant's right to effective assistance of counsel. In essence, defendant argues that trial counsel's failure to challenge the arrest was not based on any strategic reason, and, because this illegal arrest led to defendant's confession and conviction, he was denied a fair trial. Although he concedes that an issue involving competency of trial counsel must generally be raised on a direct appeal, defendant again argues that the appellate record at that time would not have fully reflected the facts pertinent to the illegal arrest and the corresponding severity of counsel's failure to challenge it. As we have discussed, we are not persuaded that the post-conviction petition and documents raise facts that were unavailable to defendant at trial. There-

fore, we have held the fourth amendment matters to be waived. To the extent that trial counsel's inaction caused the waiver, the proper mode for reviewing his alleged incompetence would be through the direct appeal from the conviction. Defendant could have raised the issue; that he chose to appeal only his sentence does not prevent the application of the *res judicata* bar to this issue. Nevertheless, we will briefly address the question of whether trial counsel's failure to present the fourth amendment claim resulted in such a deprivation of defendant's constitutional rights as to bring the case within the scope of the Post-Conviction Hearing Act.

Under the standard for evaluating whether trial counsel's representation was competent, the court must determine whether counsel "was actually incompetent, and caused such substantial prejudice to defendant that the outcome was probably changed." (*People v. Talley* (1981), 97 Ill. App. 3d 439, 443, 422 N.E.2d 1084, 1088.) In the pending case, the trial court observed trial counsel during the proceedings and, in dismissing defendant's post-conviction petition, rejected the contention that counsel was incompetent. We have examined the record and believe that defense counsel met the competency standard, notwithstanding his failure to challenge the validity of the arrest. Counsel filed timely motions for discovery; to suppress defendant's confession; to substitute judges; and to suppress lineup identifications. Counsel filed a motion, before the second judge, to reconsider the earlier denial of the motion to suppress defendant's confession. Counsel also conducted extensive cross-examination of the State's witnesses at the pretrial motions and at trial. His overall representation of defendant cannot be termed incompetent. That he did not move to quash the arrest warrant cannot, by itself, be interpreted as incompetent representation. (See *People v. Washington* (1968), 41 Ill. 2d 16, 241 N.E.2d 425.) In *People v. Frank* (1971), 48 Ill. 2d 500, 505, 272 N.E.2d 25, 28, the Illinois Supreme Court noted that appellate counsel has no obligation to brief every conceivable issue on appeal, adding that "[i]t is not incompetence for counsel to refrain from raising those issues which in his judgment are without merit, unless his appraisal of the merits is patently wrong." Although the issue in *Frank* concerned the alleged incompetence of counsel on the direct appeal for failure to raise certain issues, we believe the principle stated also applies to trial counsel's alleged incompetence in failure to make a motion to quash the arrest. Defendant's reliance on *People v. Brinson* (1980), 80 Ill. App. 3d 388, 399 N.E.2d 1010, is misplaced. In *Brinson*, the court found defense counsel's representation to be so ineffective as to amount to no representation at all. The court rested its determination on two major failings of counsel. First, he failed to make a motion to suppress suggestive identification evidence. Defendant's photograph, in a photo lineup, was the only one bearing blue

markings, and some of the letters of defendant's name were visible. Moreover, the main witness' in-court identification of defendant was not positive. Second, despite defendant's testimony and evidence that he was beaten and coerced into confessing, his counsel failed to move for the suppression of the statement.

■■■ Those facts are not present in the pending case. On the contrary, defense counsel made two motions to suppress lineup identification and twice moved to suppress the confession. We conclude that trial counsel's representation was adequate in view of all the circumstances and his failure to challenge the arrest was not patently erroneous. Therefore, we need not consider the second prong of the competency standard, whether counsel's actual incompetence resulted in substantial prejudice to defendant.[1]

For the foregoing reasons, we hold that the trial court did not err in dismissing defendant's post-conviction without an evidentiary hearing. We therefore affirm the judgment of the trial court.

Affirmed.

LORENZ and MEJDA, JJ., concur.

---

[1] We note that even if the arrest were quashed for lack of probable cause, the lineup identification testimony and the 13-year-old girl's in-court identification would not be barred as fruits of an illegal arrest. The United States Supreme Court has recently recognized that an illegal arrest, without more, does not bar a subsequent prosecution. Nor is it a defense to a valid conviction; the illegality of a defendant's detention does not bar the government from using other evidence, such as a witness' independent recollection of defendant's identification, as a means of convicting defendant. (United States v. Crews (1980), 445 U.S. 463, 63 L. Ed. 2d 537, 100 S. Ct. 1244.)